ALVERSON v. JONES AND BOGARDUS, (SHERIFF.)

A sheriff may be enjoined from selling real property belonging to the wife, under an execution against the husband.

Such a sale would be a cloud upon the wife's title to the property, as the deed of the sheriff would convey to the purchaser a *prima facie* title, which she would have to overcome by proof.

The right of the wife to acquire property by purchase, during the marriage, can only exist as an exception to the general rule as laid down by the "Act defining the rights of Husband and Wife."

This exception exists in the case of a sole trader, under the "Act to authorize Married Women to transact business in their own name as sole traders."

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action to restrain the defendants from selling, under an execution, certain real property belonging to the plaintiff. The plaintiff in her complaint alleges that in February, 1855, she made her declaration in writing, before a notary public of El Dorado county, "whereby she declared that she intended to carry on business in her own name and on her own account; and that such business was the business of livery-stable keeping, and trading in horses, and all things appertaining to such business; and that it was her intention to carry on the same in her own name and on her own account, and that she would be individually responsible for all debts contracted by her on account of such business; and that the capital invested in said business did not exceed five thousand dollars."

This declaration was regularly certified to, officially, by said notary, and was then duly recorded in the office of the county recorder of said county, and was also advertised and published in The Mountain Democrat, a public newspaper of general circulation in said county, for more than three successive weeks, beginning on the 10th day of February, 1855. For the purpose of enabling her to carry on said business, and as a part of the capital invested, she purchased and had conveyed to her the real property so levied upon, and paid therefor $1400, (the property is described in the complaint;) that she began said business at the date of her declaration and is still carrying on the business, and is the owner in fee and in the possession and use of said

property; that defendant Jones, on the 25th day of November, 1857, recovered a judgment in the District Court of El Dorado county, for the sum of $427 95, and costs of suit, against her husband, William Alverson; that the debt upon which said judgment was rendered was not contracted, in whole or in part, by her; that Jones had execution issued on said judgment and placed in the hands of defendant Bogardus, as the sheriff of said county, and he levied upon her said real estate (stable and lot,) and had advertised the same for sale to satisfy said execution. The complaint prays for an injunction to restrain the sale, and for a release from said levy.

To this complaint the defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The Court sustained the demurrer, and gave judgment for the defendants. From which judgment the plaintiff appealed to this Court.

*Brumfield and Sanderson & Newell* for Appellants.

The only question presented by this case is made by a demurrer to the complaint upon the ground "that the same does not state facts sufficient to constitute a cause of action." The Court below sustained the demurrer upon the ground that the plaintiff had a complete and adequate remedy at law, and was not therefore entitled to the aid of the Court of Equity.

This judgment upon the demurrer is assigned as error.

The facts alleged in the complaint show conclusively that the title to the property, which is the subject-matter of the action, was, at the time of the levy by defendants, and long prior thereto, vested in the plaintiff as a "sole trader," and never was at any time vested in the plaintiff's husband, and that the defendants were proceeding to sell the same under an execution against her husband, for debts incurred by him upon his individual account, subsequent to the time at which the plaintiff became a "sole trader."

Has, then, the plaintiff a right to invoke the protection of a Court of Equity before such sale has taken place?

The sale, followed by a deed after the expiration of six months, would cast a cloud upon the plaintiff's title.

Had these acts been already consummated, a Court of Equity, upon bill filed for that purpose, would cancel and annul the sheriff's deed, because the same was a cloud upon the plaintiff's title. Carroll *v.* Safford, 3 Howard S. C. Rep., 441; Oakley *v.* Trustees of Williamsburg, 6 Paige, 262; Petit *v.* Shepherd, 5 Paige, 493.

A Court of Equity will interpose to prevent that, which, being done, they would remedy. Such is the doctrine of this Court as laid down in the case of Shattuck *v.* Carson & Brockman, 2 Cal. R., 588.

This case in its legal features is similar to the one at bar, and decisive of it.   See, also, Palmer v. Boling, 8 Cal. R., 384.

*John Hume* for Respondents.

If the facts stated in the complaint are true, then a sale of the property, by virtue of the judgment against William Alverson, could in no way cloud the title of plaintiff.   The complaint shows that William Alverson never had or claimed any title to the property, and that the same was never in his possession.   It discloses no pretence of any claim to the property on the part of William Alverson which could cloud the title, or upon which any person could found a belief that William Alverson had any interest in the property.

The case of Shattuck v. Carson, 2 Cal., 588, has been relied upon by plaintiff.   The case at bar differs from that case in this: in that case the party whose supposed interest was about to be sold had once been the owner of the property.   A deed made by Griffith, who in that case had been the owner of the property, would doubtless have created a cloud upon the title, and a Court of Equity would have compelled its cancellation.   In the case at bar, a deed made by William Alverson, who never owned or claimed the property, could create no cloud whatever.

Before equity will interfere to order the cancellation of a conveyance, such conveyance must create a cloud upon the title. O'Connor v. Corbett, 3 Cal., 370; Dunlap v. Kelsey, 5 Cal., 181; Nelson v. Lauson, 5 Cal., 114; Ord v. McKee, 5 Cal., 515.

In the case of Palmer v. Boling, 8 Cal., 384, this Court seems to decide what shall be deemed to create a cloud upon title, and says in that case that the proposed deed would be *prima facie* evidence of title.

If the facts stated in the complaint in the case here presented are true, then the proposed sale would give neither *prima facie* nor any other evidence of title.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The defendants insist that the deed of the sheriff would be no cloud upon the title of the plaintiff, and this is the only question in the case.

In the case of Shattuck v. Carson, (2 Cal. Rep., 588,) the property was sold by one Griffith to plaintiff, by regular deed, in February, 1852, and after this sale the property was levied upon as the property of Griffith.   This Court decided that the deed of the sheriff would have been a cloud upon the title of Shattuck. In that case the entire title had passed, by deed, from Griffith to Shattuck; and Griffith had no interest in the land that could pass to the purchaser by the sale and deed of the sheriff.   In the case of Petit v. Shepherd, (5 Paige, 501,) where the lien of

a judgment had expired, and the debtor then sold the property, it was held that a bill to restrain the creditor from selling under the judgment would lie.

But we think this case a much stronger one than either of the two above mentioned. By section second of the "Act defining the rights of Husband and Wife," (Wood's Digest, 487,) it is provided that "all property acquired after the marriage, by either husband or wife, except such as may be acquired by gift, bequest, devise, or descent, shall be common property." And by section ninth the husband has the absolute power of disposition of the common property, during the marriage, as of his own separate estate.

The right of the wife to acquire property by purchase, during the marriage, can only exist as an exception to the general rule, as laid down in section second. This exception exists in the case of a sole trader under the statute. The property in this case having been conveyed to the plaintiff during the marriage, was *prima facie* common property, and subject to the disposition of the husband. A sale and deed by the sheriff would convey to the purchaser a *prima facie* title, which the plaintiff would have to overcome by proof. In a suit by the purchaser under execution, to recover possession of this property, he would have, on his part, to prove: *first*, the marriage; *second*, the conveyance to the wife; *third*, the conveyance to him; *fourth*, possession in defendants. This would give him a *prima facie* right to recover. To overcome this *prima facie* case, the wife would have to show that she was a sole trader at the time of the conveyance to her; and to prove that she was such, she must show that she complied with the conditions prescribed by the statute. In her answer she would have to set up this claim as new matter, and sustain it by proof.

Judgment reversed, and cause remanded.