## ADAMS v. KNOWLTON et al.

REAL ESTATE conveyed to the wife during coverture by a conveyance in the usual form of a deed of bargain and sale, is, *prima facie*, the common property of herself and husband. If the wife claims property thus conveyed to be her separate property, the burden of proof is on her to show the fact.

Community property is liable for the debts of the husband.

A declaration of a married woman, under the Sole Trader Act, must state: 1st, that she intends to carry on some certain business—specifically describing it; 2d, that she intends to carry on such business in her own name; and 3d, on her own account. These three facts are essential, and a declaration which omits either is fatally defective, and will not entitle the declarant to the privileges of a sole trader.

A declaration in the following form: "State of California, County of Nevada—H. Adams, resident of Nevada City, and wife of P. Adams, hereby declares that she intends to carry on the business of Restaurant and Hotel Keeping, accommodating boarders and lodgers, in the City of Nevada, and from this date will be individually responsible, in her own name, for all debts contracted by her on account of her said business; that the amount of money invested in said business does not exceed or equal five thousand dollars. (Signed) H. Adams," and sworn to and acknowledged, is insufficient, and will not sustain a claim of the declarant to hold, as a sole trader, property subsequently conveyed to her for the purposes of the business mentioned, as against an execution creditor of her husband.

APPEAL from the Fourteenth Judicial District.

The facts are stated in the opinion.

*Mc Connell & Garber*, for Appellants.

The authorities all show that a statute giving privileges to a married woman, in derogation of common law, must be strictly construed. (*Selover* v. *American Co.*, 7 Cal. 270; *Barrett* v. *Tewksbury*, 9 Id. 15; *Rendall* v. *Miller*, Id. 592; *Lunning* v. *Brady*, 10 Id. 267; *Pease* v. *Barber*, Id. 440; *Burns* v. *Zachariah*, 11 Id. 291; *McMillan* v. *Reynolds*, Id. 378; *Morrison* v. *Wilson*, 13 Id. 497; *Molt* v. *Smith*, 16 Id. 556.)

In Pennsylvania, married women are, by the law of 1848, allowed to " hold what they acquire by trading, during coverture, on their own account."

Under this statute, all the cases hold that the wife must show, by clear and conclusive evidence, that she is within the specified exceptions. If a deed is made to her during coverture, reciting a consideration moving from herself, this does not even raise a presumption that it is her separate property. She must prove that she acquired it in the way specified, and that none of the purchase money came from her husband. (*Pettit* v. *Fritz*, 33 Penn. 120; *Mandubeck* v. *Meek*, 29 Id. 43; *Bradford's Appeal*, Id. 513; see also *Commonwealth* v. *Williams*, 7 Gray's Mass. 337; *Pixley* v. *Higgins*, 15 Cal. 121.)

The cases above cited show by the most irrefragible reasons that the utmost strictness must be applied in confining the party seeking the benefit of these statutes within the words and limits of the act itself. One of the Pennsylvania cases shows that a *femme sole* trader cannot alienate the property invested without the concurrence of her husband, and utterly repudiates the idea that the marital relation is dissolved, and a system of judicial concubinage substituted for it.

In our own State, the case of *Pixley* v. *Higgins* (15 Cal. 127) seems absolutely conclusive. The statute is silent as to property purchased by a sole trader. But our Supreme Court has decided that the right of the wife to acquire property, during the marriage,

by purchase, can only exist as an exception to the present rule as laid down in Sec. 2 (Wood's Digest, 487), and that this exception exists in the case of a "sole trader, under the statute;" that a sale of property so purchased, under execution against the husband, would be a cloud on the title, for she would have to show in ejectment, affirmatively, that she had complied with the conditions prescribed by the statute. (*Alverson* v. *Jones*, 10 Cal. 9; see also *Smith* v. *Smith*, 12 Id. 216; *Meyer* v. *Kinzer*, Id. 247.)

It has also been decided that when the property invested does not exceed $5,000, it may come from the husband, unless, at the time, he is in embarrassed circumstances, when it is void as against his creditors. (*Guttman* v. *Scannell*, 7 Cal. 455.)

*D. Belden* and *J. I. Caldwell*, for Respondents.

The declaration, filed by plaintiff as a sole trader, omits the words: "Upon her own account and in her own name," but follows the statute in all other respects, and also contains the special declaration that "she will be responsible in her own name for all the debts and liabilities she contracts as sole trader." Statutes are not to be construed or expounded upon mere technical rules, unless such is the apparent intention of the Legislature. (14 Mass. 88; 1 Pick. 458; 4 Mass. 534.)

The Supreme Court of this State has said: "Literal conformity is not as a general rule required; a substantial compliance is all that is necessary. When the end is answered, the mere mode is not usually of the substance of the act." (*Ingoldsby* v. *Juan*, 12 Cal. 577.)

What, then, was the object and purpose of the Sole Trader Act? It was, says this Court, designed for the protection of married women against thriftless and improvident husbands. To use the language of the Court: "They (the Legislature) designed to afford to every married woman an opportunity of providing against the improvidence or misfortunes of her husband," etc. It was a beneficial act, and one designed to remove disabilities from the wife otherwise existing under coverture; it is therefore an enabling act, and will, by the Courts, be liberally and beneficially construed.

In *Goode* v. *Smith & Wife* (13 Cal. 81), the certificate to

the wife's acknowledgment omitted the words "undue influence," and the Court held that the certificate was sufficient; nor does the certificate in that case assert in the language of the statute, "that the contents of the deed were made known to her;". but, in lieu thereof, "well knowing the contents thereof," after due explanation by me made; and yet the Supreme Court say the variation in form shall not vitiate her act.

The Court there gives this liberal construction, notwithstanding the construction of the statute then passed upon was designed to allow the wife, with all the safeguards thus thrown around her, to alienate her common property in the homestead; which statutes, removing disabilities for the purpose of acquiring property by the class of persons so laboring under disabilities, have always been liberally construed. (See, also, *Brewster et al.* v. *Ludkins et al.,* 19 Cal. 162.)

It being shown that plaintiff was a sole trader, and had taken the requisite steps to constitute her such, none of the presumptions which follow from coverture, can be indulged or assumed. This Court has well said: "Presumptions are indulged to supply the absence of facts, but never against ascertained and established facts." (*Boggs* v. *Merced Mining Co.,* 14 Cal. 375; *Heirs of Nieto* v. *Carpenter,* April Term, 1863.)

The fact that plaintiff is doing business as a sole trader, and that this property is employed by her in her business as a sole trader, being first established as a fact, no conclusion will or can be presumed directly in opposition to those facts. A presumption belonging exclusively to coverture, cannot be applied to a relation which does away with all the effects and disabilities consequent upon such coverture. In the case of *McKune* v. *McGarvey & McKeon* (6 Cal. 497), this Court has said that, "the effect of the statute was to make such married woman a *femme sole* as to the particular business or profession in which she was engaged." And in *Guttman* v. *Scannell* (7 Cal. 455), the same principle is affirmed; and though Justice Burnett dissented in that case it was not upon this point of decision. And in *Alverson* v. *Jones et al.* (10 Cal. 9), Justice Burnett, in giving the opinion of the Court, says: "The right of the wife to acquire property by purchase, during marriage,

can only exist as an exception to the general rule, as laid down in section second. This exception does exist in the case of a sole trader under the statute." And in the same case, the Court says: " The purchaser under execution to recover possession of the property would have on his part to prove: First, the marriage ; second, the conveyance to the wife ; third, conveyance to him ; fourth, possession in defendants. This would give him a *prima facie* right to recover. To overcome this *prima facie* case, the wife would have to show that she was a sole trader at the time of the conveyance to her," etc. That she had " complied with the conditions prescribed by the statute."

If, then, the fact being established that the wife is a sole trader will overcome the *prima facie* case, arising from the purchase by the wife, made during coverture, *ergo*, this fact once established, viz.: that the wife is a sole trader, overcomes all other presumptions which spring from the marital relation, concerning her property. In other words, the premises would then be destroyed, which would otherwise support the presumption ; the *prima facie* case gone, there would be no premises to support the presumption.

*Meyer* v. *Kinzer & Wife* (12 Cal. 247), is the leading case upon the point urged by appellants of presumption of common property.

That decision was based upon the act defining the rights of husband and wife, and upon the cases cited from the Supreme Courts of Texas, Louisiana, and Pennsylvania.

The Sole Trader Act is a special statute perhaps not existing in the statutes of any other State. It was passed about two years after the statute defining the rights of husband and wife was passed ; therefore, the class of cases falling under the Sole Trader Act must constitute exceptions to the general rules laid down by this Court in the case of *Meyer* v. *Kinzer & Wife*, before cited.

The Sole Trader Act was designed, says the Court in the case of *McEwen* v. *Garvey*, before cited, " to invest the wife with peculiar privileges as a *femme sole.*"

The decisions, therefore, made upon the act defining the rights of husband and wife, cannot control the Sole Trader Act, passed long thereafter. But when the first act conflicts with the latter, the last

act must control the former act; nor can those decisions be authority upon a statute designed solely as an exception to the statute upon which they are based, concerning the marital relation.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

The plaintiff in this case is a married woman, and claims to be a sole trader.   She brings this action to enjoin the defendant, Knowlton, the Sheriff of Nevada County, from selling certain real estate (claimed by her as her sole and separate property, acquired by her as such sole trader,) under an execution issued on a judgment against her husband.   The plaintiff recovered judgment, and defendants moved for a new trial, which was denied, and they appeal from the judgment and the order refusing a new trial.

The deed to the plaintiff of the property in controversy is dated June 30th, 1860, and is made to her directly for the consideration of $1,000, expressed to have been paid by her to the grantors.   It is in the usual form of a deed of bargain and sale.   She is not described in the deed as a married woman, nor does it purport to convey the property to her sole, separate, or exclusive use, nor does it state that she purchased the property as a sole trader.   This Court has decided that a conveyance of this kind to the wife during coverture constitutes it *prima facie* common property.   (*Meyer* v. *Kinzer*, 12 Cal. 247 ; *Tryon* v. *Sutton*, 13 Id. 490 ; *Alverson* v. *Jones*, 10 Id. 9.)   And the burden of proof is on the wife to show that it is her separate property and not that of the community.   As community property it is liable for the debts of the husband.

In this case the wife claims that she is a sole trader, and that she purchased it, and has used it to carry on her business as a sole trader. The burden of proof of this claim is upon her.   (*Alverson* v. *Jones*, 10 Cal. 9.)   To sustain her case she offered in evidence the following declaration :

" State of California, County of Nevada : H. Adams, resident of Nevada City, and wife of P. Adams, hereby declares that she intends to carry on the business of restaurant and hotel keeping, accommodating boarders and lodgers, in the City of Nevada, and from this date she will be individually responsible in her own name

Adams *v.* Knowlton.

for all debts contracted by her on account of her said business; that the amount of money invested in said business does not exceed or equal five thousand dollars.                    H. ADAMS.

" Subscribed and sworn to before me, this third day of July, 1857.                    J. J. CALDWELL, Notary Public."

This declaration was also duly acknowledged and was recorded in the Recorder's office of Nevada County, among the records of separate property of married women.  The Sole Trader Act requires that she " shall make a declaration before a Notary Public, or other person authorized to take acknowledgments of deeds, that she intends to carry on business in her own name and on her own account, specifically setting forth in her declaration the nature of the business, trade, profession, or art; and from that date she shall be individually responsible in her own name for all debts contracted by her on account of her said trade, business, profession, or art," etc.  The requirements of the statute are plain and simple.  There are three essential facts to be stated in the declaration—first, that she intends carrying on some certain business, specifically describing it; second, that she intends to carry on such business in her own name, and, third, on her own account.  Both of these last requisites are omitted in this declaration, whether intentionally or by mistake of the person writing it does not appear, nor can it make any difference how it occurred, as in either case the defect is fatal.  The statute is in derogation of the common law, and the rights conferred by it can only be acquired by at least a substantial compliance with its provisions.  The facts omitted in this case are of a substantial character, and essential to the validity of the declaration.  We look in the instrument in vain to find any language of equivalent import.  The statement that " she will be individually responsible in her own name for all debts contracted by her on account of her said business," is but copying what the statute declares shall be the legal effect of the declaration when properly made and recorded.  They do not state that she intends to carry on the business in her own name, or on her own account, but merely declares the extent to which she will be responsible.  The declaration is insufficient to sustain her claim to hold this property as a sole trader.

The judgment is reversed and the cause remanded.