## HELEN Z. TIBBETTS, APPELLANT, v. C. W. FORE ET AL., RESPONDENTS.

INJUNCTION — LAND PURCHASED BY MARRIED WOMAN — SEPARATE PROPERTY — SALE OF UNDER EXECUTION AGAINST HUSBAND. — A married woman is entitled to an injunction to restrain a threatened sale, under an execution against her husband, of real property purchased by her during coverture in her own name and with her separate property.

ID. — CLOUD ON TITLE — PRESUMPTION AS TO COMMUNITY PROPERTY — EVIDENCE TO OVERCOME. — In such a case, the execution sale would cast

a cloud upon her title, because, in an action of ejectment brought by the execution purchaser founded upon the sheriff's deed, she would be compelled, in order to overcome the presumption that the land was community property, to introduce evidence *dehors* the record, showing that the purchase was made with her separate estate.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*William A. Harris*, for Appellant.

*Paris & Goodcell*, for Respondents.

FOOTE, C.—The wife of one Tibbetts brought an action against Gill as sheriff of San Bernardino County, California, and others, which had for its object to enjoin a sale under execution (issuing by virtue of a judgment against her husband) of a certain house and lot in the town of Calico, claimed by her as her separate property.

The cause was tried by the court, and judgment rendered in favor of the defendants; from that, and an order denying her a new trial, the plaintiff appealed.

The record contains only the judgment roll. From the findings, it is disclosed that the plaintiff purchased the land threatened to be sold for one hundred dollars, which was her own money and separate property; that she thereupon immediately entered into possession of it; and with other money, also her separate property, erected a building thereon; that at the time of the purchase of the lot she was, and has ever since been, the wife of R. G. Tibbetts, the defendant in the execution, and that he never had any interest in the land or building thereon; that before the bringing of the present action, the assignee of the plaintiff in the execution, which was issued upon a judgment rendered against the said R. G. Tibbetts, caused that execution to be levied by Gill, as sheriff, upon the plaintiff's said property as

that of R. G. Tibbetts, her husband, and said sheriff was at the time of the institution of this action threatening and about to sell it as belonging to said R. G. Tibbetts; that the plaintiff's title and that of her grantors and predecessors was a possessory claim only to the land, the legal title of which was still in the United States of America; that the plaintiff had never resided upon the premises, and that at the time of the levy of the execution she had leased the house and lot to a person who occupied them as her tenant, and that her husband did not have possession thereof.

And as a conclusion of law therefrom, it is held by the trial court that the threatened sale of the premises by the sheriff will not cast a cloud on the plaintiff's title.

The statutes with reference to community property "proceed upon the theory that the marriage, in respect to property acquired during its existence, is a community, of which each spouse is a member, equally contributing by his or her industry to its prosperity, and possessing an equal right to succeed to the property after dissolution, in case of surviving the other. To the community all acquisitions by either, whether made jointly or separately, belong. No form of transfer or mere intent of parties can overcome this positive rule of law. All property is common property, except that owned previous to marriage or subsequently acquired" by gift, devise, bequest, or descent, with the rents, issues, and profits thereof.

The presumption, therefore, attending the possession of property by either is that it belongs to the community. Exceptions to the rule must be proved. And if it is sought to be shown that a purchase of property has been made with the separate funds of either husband or wife, it should be "affirmatively established by clear and decisive proof." For in the absence of such proof, the presumption would be absolute and conclusive in favor

of the community, and it would make no difference whether a conveyance of such property was taken in the name of the wife or the husband, or both. (*Meyer* v. *Kinzer*, 12 Cal. 252, 253; S. C., 73 Am. Dec. 538.)

The husband has the entire control during his life of the community property. (Civ. Code, sec. 172; *Greiner* v. *Greiner*, 58 Cal. 115.) Such property is liable to his debts. (*Adams* v. *Knowlton*, 22 Cal. 283–288.) And the burden of proof is on the wife to show that property which *prima facie* belongs to the community is her separate property. (*Adams* v. *Knowlton, supra.*)

Possession of the wife is the possession of the husband. (*Schuler* v. *Savings and Loan Society*, 64 Cal. 397.) According to the findings, Mrs. Tibbetts was in possession of the property by her tenant; it had been acquired during the existence of the marriage between herself and her husband, the defendant in the execution; the execution creditor and the sheriff were seeking to sell it to satisfy the judgment; and that property was *prima facie* community property.

To defeat an action of ejectment for the premises in controversy which might be brought by one having purchased under such a sale, it would have been necessary for Mrs. Tibbets "affirmatively to establish by clear and decisive proof" that the property was bought with her own money, as separate property.

Whenever one applying for an injunction can show, as she has done, such a state of facts to exist, then the right to have it granted, as a preventive against a cloud upon title, undoubtedly exists. For in an action of ejectment, the burden of proof would rest upon her to show the premises in question to have been purchased with her separate property or money, as the record of her title to the property bought in her name would not be conclusive that such was her separate property. (*Moore* v. *Jones*, 63 Cal. 12.)

When a necessity exists, as she is shown by this record

to be under, to make proof of her separate property *dehors* a deed of conveyance, an injunction to prevent a sale under execution of the kind here attempted will be appropriate, and should be granted.

For the true test by which to determine the question whether a sheriff's deed under an execution sale would cast a cloud upon the plaintiff's title is this: "Would the owner of the property, in an action of ejectment brought by the adverse party, founded upon the deed, be required to offer evidence to defeat a recovery?" (*Pixley* v. *Huggins*, 15 Cal. 129–134.)

And to obtain the injunction she sought, in order to prevent such a sale as was threatened, it was only necessary for the plaintiff to show, as she has, that a conveyance under the execution sale would have compelled her (in a suit of ejectment brought against her by one who might have become a purchaser at that sale, and holding the sheriff's deed) to have shown *dehors* her muniments of title, that she had purchased the lot, and built the house upon it, with her separate money or property. (*Pixley* v. *Huggins, supra; Hall* v. *Thiesen*, 61 Cal. 525, 526.)

If the sheriff had been permitted to make a sale of the house and lot under the writ he had levied upon them, and the purchaser holding his deed thereunder had brought suit in ejectment against Mrs. Tibbetts, she would have been compelled in defending that action to have shown by evidence *dehors* the deed from her grantor that she had bought and paid for the property with her separate estate.

Hence we think the judgment appealed from should be reversed, and a judgment ordered to be rendered in the court below in favor of the plaintiff, perpetually enjoining the defendants from selling the property seized under the execution.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with direction to the court below to render judgment in favor of plaintiff, perpetually enjoining defendants from selling the property seized under the execution.