### VALENSIN *v.* VALENSIN.

*(Circuit Court, D. California. August 22, 1886.)*

1. HUSBAND AND WIFE—MONEY HAD AND RECEIVED—PRODUCTS OF WIFE'S SEPARATE PROPERTY.

    Where there was an understanding and agreement between the parties that the lands and other separate property of both husband and wife should be worked and managed together, and the proceeds of both classes of property go into a common fund, and be the joint or common property of both, the wife cannot recover of her husband money received by him for the products of her land, in an action at law for "money had and received." Her remedy, if any she has, is in equity.[1]

2. SAME—DEALINGS BETWEEN—JOINT WORKING OF SEPARATE PROPERTY OF EACH—POWER TO CONTRACT WITH HUSBAND—CIVIL CODE CAL. § 158.

    The wife is competent to enter into an agreement with the husband that the separate property of each shall be worked together, and the products go into a common fund, under Civil Code Cal. § 158, providing that "either husband or wife may enter into any engagement or transaction with the other or with any other person, respecting property, which either might if unmarried."[1]

Action by Wife against Husband for Money had and Received. The opinion states the facts.

[1] See note at end of case.

*Mesick & Maxwell* and *Beatty & Denson,* for plaintiff.
*A. P. Catlin* and *Henry Edgerton,* for defendant.

SAWYER, J. Without discussing the question suggested by the court, counsel not insisting on the point, I shall assume that the case as presented is a proper one for the exercise of jurisdiction, and decide it on its merits. The action is by the wife. against the husband for moneys had and received, being the proceeds of hay and grain raised upon that portion of the land occupied by the parties which was the separate property of the wife, which proceeds came into the hands of the husband. ` There were adjoining lands occupied as a residence, and for farming and stock-raising purposes, a part of which was the separate property of the wife, and a part the separate property of the husband. I am entirely satisfied, from the evidence, that there was an understanding and agreement between the parties that the lands and other separate property of both husband and wife should be worked and managed together, and the proceeds of both classes of property go into a common fund, and be the joint or common property of both. Such was the positive testimony of defendant, who appeared to be a remarkably candid and reliable witness, although a party; and the plaintiff, who was present at the trial, did not go upon the stand to contradict him. The acts and uniform practice of the parties during all the years prior to the arising of this, apparently, first dispute between them, as clearly shown by the testimony, are in accordance with this theory.

Both had separate property in adjoining lands, and in various other kinds of property, and all this property was worked and improved together, and, except so far as the proceeds went, wholly at the expense of the separate property of defendant. The proceeds were put together in a common pool, and expended for the common good; the wife, as well as the husband, having her own check-book, and drawing checks in her own name, without limit, against the income arising from all the property, and deposited in banks. These lands of the several parties were thrown into a common field, and the leases and cropping contracts for a share of the produce were joint by husband and wife, covering both the lands of the husband and the lands of the wife as if joint instead of several owners, and it was provided in the leases signed by both parties, the wife as well as the husband, that one-third of the crops should be the property of the *lessors,* and not that one-third of the crops raised on plaintiff's land should be hers, and one-third raised on defendant's his. Joint mortgages, joint powers of attorney, joint leases, and joint wills, were executed, including the separate property of both, and joint notes given for moneys borrowed for the benefit of these lands. The moneys were expended upon the property of both. Large sums of money of the defendant's separate property, received from the estate of his father in Italy, were, from year to year, expended to permanently

improve plaintiff's separate property, without having, so far as appears, any agreement as to repayment.

There can be no possible doubt, upon the evidence, that the understanding and uniform practice of the parties, for several years during the entire period of their joint occupancy, was that the proceeds of the separate property of each should be regarded as common property, in which both were jointly, equally interested. The property and its proceeds were mingled with the knowledge, and apparent assent, of both. No separate account was ever kept, and no separation of their property made. Both used it and treated it as common. Now, whether the carrying on of this business is called a technical partnership, or whether the parties, by mutual agreement and unvaried practice, during all the time they lived together on the lands, put the proceeds of the property, and of its management, into a common pool, and were by mutual understanding co-owners and joint tenants, or tenants in common, can make no difference as to a recovery in this action. If not technically a partnership, it is essentially one. It is not a proper subject for an action at law, for moneys had and received, whatever the rights of the parties may be in equity. If plaintiff is entitled to recover in equity, it can only be upon an accounting of all the transactions affecting the separate property of both, embracing the large amounts advanced by defendant, and expended in the improvement, permanent and otherwise, of plaintiff's separate property,—larger than the proceeds of plaintiff's separate property claimed to have been appropriated by defendant,—taken as one entire, continuous business transaction, extending through the several years that elapsed during this understanding and practice. It would be unjust, after the large expenditures of defendant's separate funds for the improvement of plaintiff's real estate had been made, and the permanent benefits received, to single out the last two years of a continuous partnership, or otherwise joint business transactions, extending over six or eight years, and allow her the profits of her property thus improved for the limited time left after his expenditures had been incurred, and at the same time cut off under the statute of limitations, as is sought to be done, the defendant's right to recover all his advances prior to the two years. Should an accounting be had, it is apparent, from the evidence, that more money of defendant has been appropriated to the use of the plaintiff in improving her separate estates than has been received by defendant from the proceeds of plaintiff's property which she now seeks to recover. The proceeds of the grain and hay in question should be regarded as but the last items of a continuous transaction and account in which there have been no settlements or rests.

It does not even appear affirmatively to what purpose the proceeds of plaintiff's grain and hay sued for has been applied. It may have been for the common good. It was at all events, under the understanding and practice of the parties, a common fund; and, being so,

a recovery cannot be had in this form of action at law. If, under the agreement and practice, these proceeds were to be regarded as essentially partnership property, a suit at law will not lie for them. *Ross* v. *Cornell*, 45 Cal. 133. And, if it be common property, the wife cannot sue at law for it. It is, in that case, under the legal control of the husband. *Greiner* v. *Greiner*, 58 Cal. 115. If there is any right of recovery in the wife during coverture, the remedy must be in equity, and not in an action at law, for money had and received.

That the wife is competent to enter into such arrangement with her husband, respecting his and her separate property, and the proceeds thereof, as clearly appeared to have existed in this case, seems unquestionable, under our Code. "Either husband or wife may enter into any engagement or transaction *with the other*, or with any other person, respecting property, which either might if unmarried." Civil Code, § 158; *Alexander* v. *Bouton*, 55 Cal. 19.

On the grounds indicated, there must be findings and judgment for defendant as to the matter alleged in the complaint, and for the plaintiff as to the counter-claims set up in the answer. Let there be a judgment that plaintiff take nothing as to the matters alleged in the complaint, and that defendant take nothing as to the affirmative matter and counter-claims set out in the answer, and for costs against plaintiff.

### NOTE.

Notwithstanding the removal, in nearly all of the states, of most of the common-law disabilities of married women in respect to contracts, the courts have been reluctant, in the absence of express statutory provisions, to extend the effect of such removal to the right of a woman to contract directly with her husband, and to maintain an action for the enforcement of such contracts. In Massachusetts the decisions are still uniformly against that right. See Woodward v. Spurr, 6 N. E. Rep. 521; Silverman v. Silverman, 5 N. E. Rep. 639; Kniel v. Egleston, 4 N. E. Rep. 573; Bouker v. Bradford, 5 N. E. Rep. 480. In Vermont a note given by husband to wife was held to be void in the hands of an innocent third party. Ellsworth v. Hopkins, 5 Atl. Rep. 405. In Ohio it was decided that, prior to the legislation of 1884, a woman could not form a copartnership with her husband; but the court does not pass on the effect of legislation. Payne v. Thompson, 5 N. E. Rep. 654, and see note, 659.

A married woman's contracts with her husband have been enforced in Indiana, see Proctor v. Cobb, 4 N. E. Rep. 303, and note; Iowa, Knox v. Moser, 28 N. W. Rep. 629; Nebraska, May v. May, 2 N. W. Rep. 221; Lipscomb v. Lyon, 27 N. W. Rep. 731, and note; New Jersey, Yeomans v. Petty, 4 Atl. Rep. 631, and note. In New York not only her right to enforce such contract, but also her privileges as a judgment creditor thereunder, were upheld in Carpenter v. Osborne, 7 N. E. Rep. 823.

That a woman may maintain replevin against her husband was affirmed in White v. White, (Mich.) 25 N. W. Rep. 490; and a contract similar to the one in this case, by which the joint acquisitions of husband and wife were to be equally divided and owned, was upheld. Hyde v. Powell, (Mich.) 10 N. W. Rep. 181.

Equity will often uphold contracts between husband and wife, regardless of the common-law disabilities. See Barnett v. Harsbarger, (Ind.) 5 N. E. Rep. 718; Clark v. Hezekiah, 24 Fed. Rep. 663.