[Civ. No. 1615.   Second Appellate District.—February 26, 1917.]

## SARAH JOHNSON, Respondent, v. NELS JOHNSON et al., Appellants.

ACTION FOR MAINTENANCE — JOINDER OF GRANTEES OF COMMUNITY PROPERTY — UNAUTHORIZED JUDGMENT. — In an action for maintenance wherein the wife joined as parties defendant with her husband his father, mother, and brother, upon the theory that they had, by means of a fraudulent conspiracy with the husband, acquired certain real estate alleged to be community property of the spouses and thus deprived her of her interest therein, a judgment that the plaintiff do have and recover from such defendants a stated sum of money, found to be one-half of the proceeds of the property so acquired, is unwarranted, in the absence of any finding of fraud, and where the evidence shows without substantial contradiction that they paid full value for the property.

ID.—ATTORNEY'S FEES—UNAUTHORIZED JUDGMENT.—In such an action a judgment awarding the plaintiff attorney's fees against such defendants, as well as the husband, is likewise unwarranted.

ID.—AWARD OF COMMUNITY PROPERTY—LACK OF JURISDICTION.—In an action for maintenance without divorce, the court is without jurisdiction to award any community property to the wife, as the husband is entitled, until the marriage is dissolved, to the control of the community property with absolute power of disposition other than testamentary, except that he cannot make a gift thereof without her written consent.

ID.—PURPOSE OF ACTION.—The purpose of the suit for separate maintenance is to specifically enforce the general duty of the husband by directing certain definite payments to be made at regular intervals

for the wife's support, and, subject to such provisions, their rela-
tions to each other and to the community estate is precisely the
same as though no such action had been brought or an award made.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

I. Henry Harris, Charles A. Bank, and W. Gerrard Abbott,
for Appellants.

Harriman, Ryckman & Tuttle, for Respondent.

SHAW, J.—In this action plaintiff, without asking for a
divorce, sought a decree awarding her permanent support and
maintenance, as provided in section 137 of the Civil Code.
Upon the theory that they had, by means of a fraudulent con-
spiracy with her husband, acquired certain real estate alleged
to be community property of the couple and thus deprived her
of her interest therein, she joined as defendants with him  his
father and mother, Frank and Beda Johnson, and his brother,
Bayard Johnson.   Plaintiff obtained a judgment, from which
all of the defendants appeal upon a record presented in ac-
cordance with sections 953, 953a, and 953b of the Code of
Civil Procedure.

By the decree it was adjudged that plaintiff Sarah Johnson
do have and recover of and from defendants Beda Johnson,
Frank Johnson, and Bayard Johnson, the sum of $1,787.50,
together with attorney's fees of $150, which sum of $1,787.50
the court adjudged to be one-half of the proceeds of the com-
munity property so conveyed by Nels Johnson.   It was fur-
ther adjudged that Nels Johnson pay to plaintiff the sum of
$20 per month as an allowance for the support and main-
tenance of Frances Johnson, the minor child of plaintiff and
her husband.   As stated, the theory of the complaint as to the
defendants other than the husband was that they had by
means of fraud acquired community property of plaintiff and
her husband.   Waiving any question as to the sufficiency
of the allegations of fraud, as to which, however, we entertain
grave doubt, there is no finding of fraud on the part of any
of the defendants; nor is there any evidence whatsoever tend-
ing in the slightest degree to justify a finding that would war-

rant a judgment such as that here rendered against defendants Frank, Beda and Bayard Johnson. For aught that appears in the findings to the contrary, they paid full value in consideration of the conveyance of the property so made by Nels Johnson to them, and the evidence without substantial contradiction shows the payment of such consideration. Briefly stated, the evidence shows that after his marriage, Nels Johnson obtained a contract for the purchase of a lot at the price of one thousand eight hundred dollars. In making the first payment he borrowed five hundred dollars from his father, which sum he paid thereon at the execution of the contract. Of the deferred payments $750 was paid out of his earnings after marriage. Being unable to keep up the payments, and being largely indebted to his father, he, in payment of such indebtedness and $150 cash at the time paid to him by his father, conveyed the property to his mother, who paid the balance of $550 due upon the contract for the purchase thereof and took a deed to the property, which she afterward conveyed to her son, Bayard Johnson, for two thousand five hundred dollars, and he, under an arrangement with his father, conveyed it in exchange for an equity in other property which was subject to a mortgage of seven thousand five hundred dollars. The court found this equity to be of the value of $4,125, which, after deducting the $550 paid by Beda Johnson, left $3,575, all of which the court declared to be community property of plaintiff and her husband. It thus appears that, at most, $1,250 represented the community interest in the lot, and since it is conceded that Beda Johnson in acquiring the deed thereto paid $550 of the purchase price, it would appear in any event that she was entitled to such proportionate share of the $4,125 as her payment bore to the purchase price of the lot. In her complaint plaintiff alleged that the first payment of five hundred dollars made upon the contract of purchase was paid out of the separate funds of Nels Johnson. If her allegation be accepted as true, then only $750 paid in the purchase of the lot constituted community funds.

Assuming the existence of fraud, we know of no authority, statutory or otherwise, under which the court was warranted in rendering the judgment against defendants other than Nels Johnson for the sum of $150 attorney's fees.

Moreover, the decree did not affect the marital relation (McKay on Community Property, sec. 410; *Kusel* v. *Kusel,* 147 Cal. 57, [81 Pac. 295]), and until dissolved, the husband was entitled to the control of the community property with absolute power of disposition other than testamentary, provided that without the written consent of the wife he could not make a gift thereof or convey the same without a valuable consideration (Civ. Code, sec. 172), and we know of no principle of law under which a wife without obtaining a divorce can be awarded one-half of the community estate. The case of *Cummings* v. *Cummings,* 2 Cal. Unrep. 774, 14 Pac. 562, was an action for divorce wherein the plaintiff, alleging that the husband had conveyed community property with the intent on the part of both the grantor and grantee to defraud plaintiff of her rights therein, sought a decree annulling the same and awarding her a one-half interest therein. It was there held that an action to set aside a conveyance of community property made by a husband, on the ground of fraud, cannot be maintained by the wife while the marriage bond exists. In support thereof the court cited the case of *Greiner* v. *Greiner,* 58 Cal. 115, where it was likewise held (quoting from the syllabus): "A wife cannot maintain an action while the marriage bond exists, to set aside a transfer of the common property, made by the husband for the purpose of defrauding her." (See, also, *Van Maren* v. *Johnson,* 15 Cal. 312; *Kusel* v. *Kusel,* 147 Cal. 57, [81 Pac. 295]; *Tibbetts* v. *Fore,* 70 Cal. 245, [11 Pac. 648]; *Valensin* v. *Valensin,* 28 Fed. 602.) The purpose of the suit for separate maintenance is to specifically enforce the general duty of the husband by directing certain definite payments to be made at regular intervals for the wife's support. Subject to such provision, their relations to each other and to the community estate is precisely the same as though no such action had been brought or an award made. The status of the parties may be restored by reconciliation, in which case the necessity for the separate maintenance would terminate. Notwithstanding this fact, however, or other conditions which might be mentioned, a judgment of this character would give to the wife one-half of the community property.

Another objection made to the judgment, which seems to be well founded, is that the court found that the Title Insurance & Trust Company should be appointed as trustee of one-half

of the amount of the community estate, to receive and disburse the same upon plaintiff's order, but in the conclusions of law, as well as in the judgment, the court gave said fund to plaintiff absolutely and without any limitation thereon. It is not awarded as maintenance, but the judgment awards it to plaintiff absolutely, to be dissipated, given away, lost in speculation, or used in any manner which her fancy or whims might dictate.

The answer of defendants alleged that in a former action brought by plaintiff against Nels Johnson for divorce, a trial of which was had, the matters alleged in this action had been adjudicated and determined by the court, wherein the divorce was denied, but an order was made under section 136 of the Civil Code allowing plaintiff $25 per month for maintenance. The answer also alleged that defendant Frank Johnson had loaned to defendant Nels Johnson the sum of $500 for the purpose and used by the latter in making the initial payment upon the contract for the purchase of said lot. The court made no finding as to either of these issues tendered. Clearly, defendants were entitled to findings upon both issues.

The judgment appealed from is reversed.

Conrey, P. J., and James J., concurred.