[Civ. No. 13294. First Dist., Div. One. Feb. 19, 1947.]

ANNA J. BLACHE, Respondent, v. MAURICE J. BLACHE et al., Defendants; JEANNE C. PEDEBIDOU, Appellant.

Edward J. Lynch for Appellant.

David Livingston, Max H. Margolis, Milton A. Krug and Louis F. DiResta for Respondent.

WARD, J.—This is an appeal by Jeanne C. Pedebidou, also known as Jeanne Blache, from an order directing her to pay $7,989.13 to Ray L. Mulcrevy, Deputy County Clerk,

to be applied against the indebtedness of Maurice J. Blache to respondent Anna Blache and her attorneys.

The parties will be referred to as Anna, Maurice and Jeanne. As stated in this court's earlier opinion, "They are the components of a marital triangle constructed by Maurice when he married Jeanne under the mistaken impression that he had secured a divorce from Anna." (*Blache* v. *Blache*, 69 Cal.App.2d 616, 618 [160 P.2d 136].) More than twenty years after the marriage ceremony of Maurice and Jeanne, Anna brought an action for separate maintenance, for a share of property which she claimed was the community property of herself and Maurice and for attorneys' fees. Jeanne was joined as a party defendant because Maurice had transferred property to her. The trial court refused to grant Anna separate maintenance but rendered a judgment in her favor for $7,989.13 in lieu of her rights in any community property, set aside the transfers and allowed her attorneys' fees of $6,500. Anna and Jeanne, but not Maurice, appealed the judgment to this court.

By its order, as modified, this court ruled: "The judgment insofar as it refers to attorney fees and all provisions of said judgment protective of those fees are affirmed; the portions of the judgment adjudicating Maurice's ownership of one-half of the real and personal property, and vacating and setting aside certain transfers of his interests in such properties to Jeanne, insofar as such transfers affect his one-half interest, and the provisions of the judgment granting an injunction against Maurice until the rights of the parties can be determined, are also affirmed; in other respects the judgment is reversed, and the cause remanded for a new trial in accordance with the views herein expressed." (*Blache* v. *Blache, supra,* 633.)

Since Maurice did not appeal from the trial court's judgment, this court held that his maximum possible interest in the property was one-half. "In dividing gains made by the joint efforts of a man and woman living together under a voidable marriage, where the parties enter into the relationship in good faith the rule is the same as when a valid marriage is dissolved. (*Schneider* v. *Schneider,* 183 Cal. 335 [191 P. 533, 11 A.L.R. 1386]; *Vallera* v. *Vallera,* 21 Cal.2d 681 [134 P.2d 761]; *Coats* v. *Coats,* 160 Cal. 671 [118 P. 441, 36 L.R.A.N.S. 844].)" (*Blache* v. *Blache, supra,* 624.) The

effect of the order of this court on the prior appeal was to determine that Jeanne owned absolutely, as her sole and separate property, one-half of the property involved. Whether Jeanne was entitled to more than one-half of the property was a matter left to be determined on retrial. "Whether the property described in the complaint was the separate property of Jeanne is a question of fact which may be tested again on a retrial." (*Blache* v. *Blache, supra,* 631.)

The transfers were held to have been correctly set aside to protect that half of the property which, if on retrial is found not to be the separate property of Jeanne, may be treated as if it were the community property of Maurice and Anna. (*Blache* v. *Blache, supra,* 624.) Of course, if on the retrial the one-half of the property involved, or any portion thereof, is found to be the separate property of Jeanne, then Anna can have no legal claim thereto.

If it be determined on retrial that any of the property may be treated as the community property of Maurice and Anna, and if maintenance be given Anna on any other ground than that of adultery, incurable insanity or extreme cruelty, said property must be equally divided between Maurice and Anna, since Civil Code section 137 makes Civil Code section 146 applicable for separate maintenance. (*Blache* v. *Blache,* 625-631.)

The foregoing is not a reconstruction or reinterpretation of the decision in the main case. That may not be done; we may not even reallocate the costs.

The Reporter of Decisions' summary of this court's opinion is correct. "Action for separate maintenance. Judgment denying maintenance, and awarding money in lieu of plaintiff's share in community property, and also attorney's fees, reversed save as to attorney's fees." (*Blache* v. *Blache,* supra, 618.)

By its order this court sought to protect the rights of attorneys to their fees. The lower court in the present proceeding ordered Jeanne to pay $7,989.13 toward Maurice's indebtedness for Anna's costs and attorney fees. The lower court may order Maurice to pay Anna's costs and attorney fees, but payment must be made from Maurice's property. Until on retrial it is determined whether all the property is Jeanne's separate property or not, no order such as the present order on appeal may be made directing Jeanne to pay Anna's costs and attorney fees.

In view of the foregoing, it is unnecessary to consider contentions raised in the briefs, or to consider the validity of the order appealed from insofar as it relates to the amount of Maurice's indebtedness to Anna and the interest thereon. Serious doubts appear as to the propriety of adding interest when such interest was not noted in the judgment upon which this order was based. Any order enforcing Anna's rights against Maurice must conform to the provisions of the judgment.

The order appealed from is reversed; appellant to recover costs on this appeal.

Peters, P. J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied March 21, 1947, and respondent's petition for a hearing by the Supreme Court was denied April 17, 1947. Edmonds, J., Traynor, J., and Spence, J., voted for a hearing.