[Civ. No. 19919. Second Dist., Div. One. May 11, 1954.]

LETA MAY JACQUEMART, Respondent, v. EUGENE ARTHUR JACQUEMART et al., Appellants.

Beardsley, Hufstedler & Kemble for Appellants.

Walter H. Young for Respondent.

DRAPEAU, J.—Mr. and Mrs. Eugene A. Jacquemart were married June 17, 1919. In 1942 a judgment of separate maintenance was granted to Mrs. Jacquemart. Her husband was ordered to pay $125 per month for her support, and for the support of a then minor child. The court divided the community property of the parties equally between them.

After that the order for support was modified from time to time. Mr. Jacquemart complied with all of the orders, except that at the time of this action he owed his wife $396 for the period December 15, 1950, to March 1, 1951.

After 1942 Mr. Jacquemart lived with Mrs. Pearl Cox. June 13, 1950, he gave Mrs. Cox $11,300 that he had earned in the automobile business. Mrs. Cox used the money to purchase a home that she and Mr. Jacquemart thereafter occupied. The purchase price was $20,500. Title to the

property was taken in the name of Mrs. Cox, subject to a mortgage indebtedness for the balance of the purchase price.

Mrs. Jacquemart named Mr. Jacquemart and Mrs. Cox defendants in this action to impress a trust upon the property as community property.

The trial court adjudged that, subject to the mortgage lien, the property was held by defendant Pearl Cox as trustee for the husband and wife; that it was community property; that defendant husband pay the wife $350 attorney's fees; that plaintiff have a lien on the community property interest of defendant for $396; that said property "shall secure the payment of any other moneys which have heretofore or may hereafter be ordered to be paid by the husband to the wife for her support and maintenance"; and that a writ of execution issue for the sale of the property to enforce the terms of the judgment.

Mr. Jacquemart and Mrs. Cox appeal.

Since the adoption of section 169 of the Civil Code in 1872 our law has provided that after a decree of separate maintenance the wife's earnings and accumulations are her separate property. Until 1951 no corresponding right was given to the husband. In 1951 section 169.1 was added to the Civil Code, providing that the husband's earnings after a decree of separate maintenance are likewise separate property.

Appellants suggest that the amendment of 1951 merely codified what had always been the purpose and intent of the law: that the earnings of both husband and wife were separate property after a decree of separate maintenance, especially when, as the law requires, the decree of separate maintenance in this case divided the community property between them. This would seem to be a fair and equitable view of the law of community property, at least as it should have been. And fairness and equity would seem to have been the motivating purpose of the Legislature in enacting the new code section.

But this court finds itself unable to agree with the suggestion, because of the effect such a decision would have upon the general scheme of community property as it has been established by constitutional, statute, and case law in California.

That section 169 of the Civil Code does make the earnings and accumulations of the wife her separate property while living apart from her husband was commented upon in the early case of *Spreckels* v. *Spreckels,* 116 Cal. 339 [48 P. 228, 58 Am.St.Rep. 170, 36 L.R.A. 497]. ■ A decree of sep-

arate maintenance does not end the marriage; it only regulates the extent of support to be awarded to the wife; and the decree may always be modified. (*Monroe* v. *Superior Court*, 28 Cal.2d 427 [170 P.2d 473].) ▮ The general rule is that the time of acquisition of property fixes its community status. ▮ And legislation changing the respective rights of husband and wife in community property will not be given retroactive effect. (10 Cal.Jur.2d 666, § 5, and authorities and legal reviews there cited.)

▮ The property here in question was acquired after marriage, before the enactment of Civil Code, section 169.1 in 1951, comes within none of the exceptions specified in our law (10 Cal.Jur.2d 670), and is community property.

▮ Appellants argue that the $11,300 was owed by Mr. Jacquemart to Mrs. Cox; that he just paid off his indebtedness to her. But there was a conflict in the evidence as to this fact, and under familiar rules of appellate procedure the trial court's finding that it was a gift may not be reversed by this court.

So in this case the judgment fixing the status of the property as community, and making Mrs. Cox trustee for the husband and wife, must stand.

But the judgment should not go further than that.

▮ Although a husband may not give community property away without his wife's consent (Civ. Code, § 172; *Spreckels* v. *Spreckels*, *supra*, 116 Cal. 339; *Ballinger* v. *Ballinger*, 9 Cal.2d 330 [70 P.2d 629]), after a decree of separate maintenance he has the right to control and to manage it. (*Johnson* v. *Johnson*, 33 Cal.App. 93 [164 P. 421].)

It follows then that in the circumstances of this case it was error to impress a trust upon specific community real property to secure the indebtedness of $396; to charge the property with a lien, to order its sale, or to trammel the husband's power to manage and control it. Mr. Jacquemart's record in keeping up the payments due to his wife merits no condemnation.

▮ Defendants contend that the award of attorney's fees was improper. Attorney's fees may be allowed in such a case as this, at least so far as the husband is concerned. (*Blache* v. *Blache*, 78 Cal.App.2d 168 [177 P.2d 345].)

The judgment is modified as follows: the real property, subject to the mortgage indebtedness, is community prop-

erty; Mrs. Cox holds title to it as trustee for Mr. and Mrs. Jacquemart; plaintiff is awarded $350 for attorney's fees against Mr. Jacquemart only; the property is subject to no liens, except that of the mortgage; and Mr. Jacquemart shall have the right to manage and control it in conformity with the community property laws of this state. As so modified the judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 7, 1954.