[Civ. No. 21415. Second Dist., Div. Three. July 3, 1956.]

LETA MAY JACQUEMART, Appellant, v. EUGENE ARTHUR JACQUEMART et al., Respondents.

Walter H. Young for Appellant.

Beardsley, Hufstedler & Kemble, Seth M. Hufstedler and Harry L. Hupp for Respondents.

WOOD (Parker), J.—Plaintiff filed an action for partition of real property. Defendants, Eugene A. Jacquemart and Pearl Cox, made a motion for judgment on the pleadings on the ground that the complaint did not state a cause of action. They also objected, upon the same ground, to the introduction of any evidence. The court reserved the rulings on the motion and objection, and received evidence subject to the reservation of rulings. When the presentation of evidence was completed, defendants made a motion to strike out all

the evidence. The objection (to introduction of evidence) was sustained, and the two motions (to strike the evidence, and for judgment on the pleadings) were granted. The judgment was that plaintiff take nothing. Plaintiff appeals from the judgment. The notice of appeal also states that she appeals from the orders striking the evidence, sustaining the objection to introduction of evidence, and granting motion for judgment on the pleadings. Since said orders are not appealable, the purported appeals therefrom will be dismissed.

The complaint alleged: Plaintiff and defendant Eugene A. Jacquemart are husband and wife, but since November 10, 1942, they have been living separate and apart by virtue of a judgment of separate maintenance entered by the superior court of Los Angeles County in favor of plaintiff and against said defendant Eugene A. Jacquemart. Plaintiff and said defendant Eugene A. Jacquemart own as community property in equal undivided interests certain real property in Los Angeles County, California (the legal description thereof being alleged). There is an encumbrance against said property in the form of a note secured by a trust deed with Pacific Mutual Life Insurance Company as a beneficiary, and the unpaid balance thereof being approximately $4,500. Defendant Pearl Cox asserts some claim, right, title or interest in and to said property, but said assertions are without right and invalid. Prior to commencement of said action, plaintiff requested Eugene A. Jacquemart to sell the property, pay the encumbrance, and divide the proceeds between plaintiff and said Eugene A. Jacquemart. The property consists of a lot with a dwelling thereon and cannot be physically partitioned or divided. Plaintiff has employed an attorney at law to prosecute said action for partition for the common benefit of the owners thereof, and plaintiff requests a reasonable sum for the services of said attorney.

The prayer of the complaint was for a judgment of partition, that the property be sold, that from the proceeds of the sale the encumbrances, attorney's fees, and expenses of sale, be paid and that the net proceeds be divided as ordered by the court.

The question is whether a wife, who is living separate and apart from her husband by virtue of a judgment of separate maintenance, can maintain an action for partition of community property.

Section 752 of the Code of Civil Procedure provides: "When several cotenants own real property as joint tenants,

or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, or when real property is subject to a life estate with remainder over, an action may be brought by one or more of such persons . . . for a partition thereof according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof, if it appears that a partition can not be made without great prejudice to the parties.'' The complaint does not allege that the property is owned as joint tenants or tenants in common. The allegation is that the property is owned ''as community property.''

██ Ownership of community property is not the same as ownership of property as joint tenants or as tenants in common. Section 161 of the Civil Code provides: ''A husband and wife may hold property as joint tenants, tenants in common, or as community property.'' Section 682 of the Civil Code provides: ''The ownership of property by several persons is either: 1. Of joint interests; 2. Of partnership interests; 3. Of interests in common; 4. Of community interest of husband and wife.'' ''[A] community estate and a joint tenancy cannot exist at the same time in the same property.'' (*Siberell* v. *Siberell*, 214 Cal. 767, 773 [7 P.2d 1003].) ''An interest in common is one owned by several persons, not in joint ownership or partnership.'' (Civ. Code, § 685.) ██ It thus appears that the allegation that the property involved herein is owned ''as community property'' is not a sufficient allegation that plaintiff is a person, within the meaning of section 752 of the Code of Civil Procedure, who is entitled to maintain a partition action.

██ Partition is a statutory action. In *Ryer* v. *Fletcher Ryer Co.*, 126 Cal. 482 [58 P. 908], it was said at page 483: ''Partition under our code is a special statutory proceeding. [Citations.] We must therefore, look to the statute for the authority to bring the action.'' In *Murphy* v. *Superior Court*, 138 Cal. 69 [70 P. 1070], it was said at page 70: ''Partition in this state is a special statutory proceeding.'' In *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599 [218 P.2d 144], it was said at page 603: ''The action for partition may be brought by one or more of the persons described in section 752 of the Code of Civil Procedure. It is a special proceeding regulated by the provisions of the statute . . . .'' In *Smedberg* v. *Bevilockway*, 7 Cal.App.2d 578 [46 P.2d 820], the plaintiff, as trustee in the bankruptcy estate of a wife sought to satisfy an approved claim in bankruptcy (claim against

the wife) from the community property of the wife and her husband (the husband was not obligated to pay the claim). It was held therein that a demurrer to the complaint was properly sustained. That was not a partition action, but it was said therein at page 581: "At the instance of the wife her interest could be segregated by a mutual contract between her and her husband [citation] ; or in a divorce action [citation]; or a separate action based on a divorce action [citation]; or, on her death, by reason of the provisions of her will. [Citation.] Our statutes provide no other methods. There are authorities to the effect that neither husband nor wife, except as we have recited, can force a division of the community property by partition (Freeman on Partition and Co-tenancy, § 445), nor by a proceeding in equity." Section 172a of the Civil Code provides, in part, that "The husband has the management and control of the community real property . . . ." In *Johnson* v. *Johnson*, 33 Cal.App. 93 [164 P. 421], which was an action for separate maintenance, it was said (p. 96) that the decree of separate maintenance did not affect the marital relation, and until that relation was dissolved "the husband was entitled to the control of the community property . . . ."

Appellants asserts that while Eugene A. Jacquemart, as a husband, may have the right to manage and control the property, he does not have a right to manage and control it adversely to the interests of himself and wife, and ".that when he continues to reside therein with his admitted paramour and to assert that she is the real owner of the property, that under these circumstances the court has inherent equity jurisdiction to decree a partition of this property under its general equity powers," and "that in the case of a Decree of Separate Maintenance, the court has inherent power to divide the community property on the application of a spouse by instituting a separate action for such division and that the husband's right of management of the community property is no insuperable bar. To hold otherwise would be to force the wife to sue for divorce to obtain such relief and the wife in this case should certainly not be deprived of her community property interest in property where the husband is clearly acting adversely to the wife's interest."

At the trial in the present case, the opinion on appeal in the case of *Jacquemart* v. *Jacquemart*, 125 Cal.App.2d 122 [269 P.2d 951], was handed to the trial judge for his consideration. The parties in that case are parties in the present case. That

opinion shows that in 1942 when the decree of separate maintenance was granted the community property of Mr. and Mrs. Jacquemart was divided equally between them; thereafter he lived with Pearl Cox, and in 1950 he gave her money with which she purchased a home; title to the property was taken in her name; the action was to impress a trust upon the property as community property. It was held therein that the property (the same property that is involved here) was community property and that Mrs. Cox held the property as trustee for the husband and wife. It is also to be noted that the court therein, in modifying the judgment of the trial court, said at page 126: ''Mr. Jacquemart shall have the right to manage and control it [property involved in the present case] in conformity with the community property laws of this state.'' In the present case, appellant argues that judicial notice can be taken of said former case of *Jacquemart* v. *Jacquemart*, and that said case shows a fraudulent scheme on the part of Eugene A. Jacquemart and Pearl Cox to conceal the existence of the property from the appellant herein. She also argues in effect that since there was fraud on the part of the husband, a court of equity has inherent power to partition the community property. Appellant cites *Dandini* v. *Dandini*, 120 Cal.App.2d 211 [260 P.2d 1033], wherein a wife was awarded a decree of separate maintenance and all the community property and thereafter the wife sued the husband and some third persons on the basis that they conspired to defraud her of her interest in certain other community property by concealing the other property. In that case plaintiff obtained a money judgment against the defendants, apparently upon the basis of ''extrinsic fraud.'' That case is distinguishable in that it is not a partition case.

As above indicated, the complaint in the present case did not allege facts showing that plaintiff is a person, within the meaning of said section 752 of the Code of Civil Procedure, who is entitled to maintain an action for partition of the property involved here.

The purported appeals from the orders striking the evidence, sustaining the objection to introduction of evidence, and granting motion for judgment on the pleadings, are dismissed. The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.