## MOUL vs. MOUL.

### DIVORCE. *Alimony.*

1. Where a bill of exceptions, however voluminous, is not certified to contain the whole evidence, this court cannot review the findings of fact by the court below.

2. In an action by the wife for a divorce, the complaint avers, and the court found, that defendant owns a farm of 200 acres, worth $10,000, a house and lot worth $1,000, and about $1,000 worth of personal property. The circuit court adjudged that the parties be divorced, and granted plaintiff the custody of the three minor children, aged ten, fourteen and sixteen years, respectively, and also awarded her $300 annually for the support of such children, and $4,000 permanent alimony, to be paid in instalments. The house and lot were subsequently sold for $700; and the expenses of this litigation will be very heavy, perhaps nearly $1,800. In view of these facts, and of the fact that estimates of the value of real estate, by witnesses, are usually in excess of its actual *cash* value, this court holds that the allowance for alimony should be reduced to $3,000, and the annual allowance for the support of the children to $200, payable in instalments.

3. This court has not power to give the plaintiff a life estate in the farm, with remainder to the children; though it advises a settlement on that basis.

APPEAL from the Circuit Court for *Outagamie* County.

Action for divorce on the ground of cruel treatment. The action was originally begun in the Circuit Court of the county of Fond du Lac, and was removed to Outagamie County, on the defendant's affidavit alleging prejudice of the judge. Finding for plaintiff with decree of divorce and alimony, from which

defendant appeals to this court. The facts are sufficiently stated in the opinion.

*Connit & Baker*, (with *A. Scott Sloan*, of counsel,) for appellant. *Gillet and Taylor*, for respondent.

LYON, J. This is an action for a divorce, brought by the wife, who alleges as grounds therefor many acts of cruel and inhuman treatment by the defendant. The circuit court found substantially that all the material allegations of the complaint were true, and adjudged a divorce. The court also, by its judgment, awarded to the plaintiff the custody of the three minor children of the parties, now aged ten, fourteen and sixteen years, respectively, and also awarded to her three hundred dollars per year for the support of such children, and four thousand dollars permanent alimony, to be paid by the defendant in instalments. The defendant has appealed from such judgment to this court.

The bill of exceptions, although very voluminous, does not purport to contain all of the testimony given upon the trial, and we cannot, therefore, review the findings of fact by the circuit court. We must presume that there was sufficient evidence to support the same, whether it is to be found in the bill of exceptions or not. This is the well settled rule in such cases. The facts found abundantly justify the conclusions of law, that the plaintiff is entitled to a judgment of divorce, and to the custody of the children. Further than this, assuming that the bill contains all of the testimony, I think that enough of the material averments of the complaint to sustain the judgment were proved, although perhaps we might not find that all of them were proved, or as many of them as the circuit court found to be true. There is much conflict of testimony, but the preponderance thereof seems to be mainly with the plaintiff, so far as it is contained in the bill of exceptions.

The judgment granting the divorce and awarding the custody of the minor children of the parties to the plaintiff, must therefore, in those particulars, be affirmed.

Moul vs. Moul.

But we think that the money awards given by the judgment are too large, and that they should be reduced.

The complaint states that the defendant owns two hundred acres of land in Dodge county, worth $10,000; a house and lot in Waupun worth $1,000; and about $1,000 worth of personal property — making in all $12,000, — and the court so found. Now, were the plaintiff worth the latter sum in cash or its equivalent, we probably should not find it to be our duty to disturb the judgment in respect to alimony and the allowance for the support of the children. It was stated on the argument, and not denied, that the house and lot in Waupun had been sold for $700, and that the expenses of this litigation to be paid by the defendant will amount to $1,800. If these expenses do not reach that sum, they must necessarily be very heavy. Besides, the estimated valuation placed upon real estate, by witnesses upon the stand, when put to the test of an actual sale, is found, almost invariably, to be too high. It seems to us that the learned circuit judge failed to give due weight to this fact, and based the allowances upon the nominal market value, rather than upon the real cash value, of the defendant's property. From the information which the record gives us on the subject, we are satisfied that if we estimate the cash value of the defendant's property at nine thousand dollars, we are more likely to be above than below the true figure, taking into account the expenses of this litigation, which is a proper matter to be considered.

We have concluded, upon the whole case, that the judgment should be so modified that the allowance of alimony be reduced to three thousand dollars, and the allowance for the support of the minor children be reduced to two hundred dollars per annum, payable in instalments, as provided in the judgment. Of course those instalments are to be reduced *pro rata*, to correspond with such reduction in the aggregate of each allowance.

We were asked on the argument of the case, to give the plaintiff a life estate in a portion of the defendant's farm, with

remainder to the children of the parties. Had we the power, we should be strongly inclined to do so. That would doubtless be the best disposition that could be made of the property affected by this action, and we advise the parties to settle the whole matter of alimony and allowances upon that basis. This may readily be done with the aid of the counsel, or some other judicious friends of the parties, greatly to the advantage of the parties, and especially to the advantage of their children.

But we do not think that we have the power to adjudge such a disposition of the property, and the whole matter must be left for negotiation and settlement between the parties.

The cause must be remanded, with directions to the circuit court to modify its judgment for alimony and for an allowance to support the minor children of the parties, as indicated in this opinion, and the judgment thus modified must be affirmed. The defendant must pay the taxable costs in this court.

*By the Court* — So ordered.