[S. F. No. 3651. In Bank.—May 27, 1905.]

CAROLINE KUSEL, Respondent, v. SOLOMON A. KUSEL, Appellant.

ACTION FOR MAINTENANCE—ALLOWANCE—PERIODICAL PAYMENTS—GROSS SUM—ABUSE OF DISCRETION.—In an action for maintenance, where the marriage relation is not dissolved, the statute contemplates periodical payments during such time as the necessity for the maintenance continues; and it is error, and an abuse of discretion, to allow a gross sum, equal to one third of the husband's estate, which involves an order of sale of his property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

S. A. Kusel, *in pro. per.*, and Truman & Oliver, for Appellant.

Riordan & Lande, for Respondent.

SHAW, J.—The defendant appeals from a judgment in favor of the plaintiff. The appeal was taken within sixty days after the rendition of the judgment, and the evidence is made a part of the record by bill of exceptions.

The plaintiff is the wife of the defendant, and the action is brought to obtain a decree to compel the defendant to maintain her while living separate and apart from him. The complaint, which was filed July 2, 1902, alleges that the plaintiff and defendant intermarried on February 6, 1896, and that on June 30, 1902, the defendant deserted the plaintiff and refused to furnish the plaintiff any support or maintenance, he having the ability so to do; that the plaintiff has no estate or means, and that the defendant is possessed of property of the value of thirty thousand dollars, consisting chiefly of real estate in San Francisco. The answer denies the desertion, and avers that he owns no property of any kind. The court made findings to the effect that the defendant deserted the plaintiff on the 30th of June, 1902, as alleged, and continued to live separate and apart from her, and refused to support or maintain her; that she had no means of her own; that the defendant was the owner of the real estate described in the complaint, and that the same was worth thirty thousand dollars. As conclusions of law, the court declared that the defendant had deserted the plaintiff; that she was entitled to a decree for permanent support and maintenance; that under the circumstances surrounding the case, instead of ordering defendant to pay a certain fixed sum monthly, a lump sum should be awarded to her for her support; that she was entitled to have a decree awarding her ten thousand dollars as the total and final amount to be paid to her by the defendant for her separate support and maintenance, and that the same should be declared a lien upon the real estate. Judgment was entered in pursuance of this conclusion awarding plaintiff ten thousand dollars for her support and maintenance, and declaring the sum a lien upon the real property.

We think the court erred in awarding plaintiff the sum of

ten thousand dollars for her support and maintenance instead of a periodical allowance. The action is maintained under the provision of section 137 of the Civil Code, which is as follows: "When the husband willfully deserts the wife, she may, without applying for a divorce, maintain in the superior court an action against him for permanent support and maintenance of herself or of herself and children. . . . The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered or revoked at the discretion of the court." Section 140 provides: "The court may require the husband to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case." It will be observed that there is nothing in the statutory provisions above quoted expressly authorizing the court in suits for maintenance to divide the property of the husband, or to give to the wife, in lieu of periodical payments for her support, a gross sum out of the husband's estate. Originally, alimony in its technical significance meant an allowance of money payable in periodical installments, not in gross. "Alimony is not a sum of money, nor a specific proportion of the husband's estate given absolutely to the wife, but it is a continuous allotment of sums, payable at regular intervals, for her support from year to year." (1 Bouvier's Law Dict., 131; *Phelan* v. *Phelan,* 12 Florida 456; *Wallingsford* v. *Wallingsford,* 6 Har. & J. 488.) The same rule applies in actions for maintenance, and in the similar action for a judicial separation without an absolute divorce. The case of Wallingsford, above cited, was an action for maintenance without divorce. Mr. Bishop lays down the rule with reference to the nature of alimony thus: "When he is delinquent, in consideration whereof the law gives her alimony, it is not a gross sum, or a specific part of the husband's estate *in specie,* but it is a continuous allotment of sums, payable at regular periods, for her support from year to year—hence the court cannot decree to the wife, as alimony, a gross sum, an absolute title in specific property, or a sale of part of her husband's estate for her use." (2 Bishop on Marriage and

Divorce, secs. 834, 835.) It is well understood that alimony in gross is not allowed, unless it is authorized by some statute. (2 Am. & Eng. Ency. of Law, p. 129; and 2 Bishop, *supra.*) The following authorities are all suits for maintenance simply, or for divorce *a mensa et thoro,* and they fully support the rule above quoted: *Crain* v. *Cavana,* 62 Barb. 121; *Doole* v. *Doole,* 144 Mass. 279; *Burr* v. *Burr,* 10 Paige Ch. 22; *Russell* v. *Russell,* 4 G. Greene, 29;[1] *Lockridge* v. *Lockridge,* 3 Dana, 28;[2] *Maguire* v. *Maguire,* 7 Dana, 181; *Almond* v. *Almond,* 4 Rand (Va.) 662;[3] *Murray* v. *Murray,* 84 Ala. 363. It is clear from these authorities that in the absence of statutory authority a sum in gross should not be allowed in suits for maintenance.

The provisions of the Civil Code above quoted should not be construed to authorize such an allowance. In *Robinson* v. *Robinson,* 79 Cal. 515, it was held that the language of section 139 of the Civil Code authorizing the court upon the granting of a divorce for the offense of the husband to make a "suitable allowance to the wife during her life, or for a shorter period," was broad enough to confer the power in a decree of divorce to give the wife a gross sum, instead of periodical payments. But that section does not apply to an action for maintenance, and the opinion in that case was based largely upon the decisions of other states ascribing this significance to the words "alimony" or "allowance" contained in statutes relating to the authority of the court to provide for the wife upon granting her a divorce. In several of the same states it is held that in actions for maintenance or for judicial separation there is no authority for a sum in gross. The different character of the action not only authorizes, but requires, a different construction of the provisions of section 137 relating to maintenance. The action does not contemplate a divorce, but, on the contrary, that the parties shall continue to remain as they were before, husband and wife. The rights of the wife in the remaining property of the husband are not destroyed or affected in the least by the decree or judgment. The necessity for the separate maintenance may terminate at any time by reconciliation of the parties, or by the death of one of them. The law favors the

---

[1] 61 Am. Dec. 112.                    [3] 15 Am. Dec. 781.
[2] 28 Am. Dec. 52.

reconciliation of the parties, and it should not be construed so as to afford a temptation for the wife to press an action for maintenance rather than to seek restoration to her marital rights. There is nothing in the statute which requires us to depart from the prevailing rule that the right to alimony or maintenance, where the marriage is not dissolved, contemplates periodical payments during such time as the necessity for the maintenance continues, and not an absolute allowance out of the estate.

And if we concede that it is a matter resting in the sound discretion of the court, there is nothing in the circumstances of this case which justifies the order made. The husband's estate consisted entirely of real property, and his subsistence was derived from the rentals therefrom. It is not claimed that he had any ready money. The only means by which he could pay the large sum allowed would be by the sale of the whole, or a large part, of his estate. The effect of such a decree would be equivalent to an order for the sale of his property. No necessity is shown for such a large allowance. The income from the property is neither found nor proven, but it is not claimed that it exceeds two hundred and ten dollars a month, out of which must come taxes, insurance, repairs, and expenses. The court does not find any facts indicating that the husband could, if he chose, in any manner defeat an order for periodical payments. Under section 140, above quoted, there was ample power to secure the payment of such sums by making the same a lien or charge upon the real property which constituted his estate. It may be that, under some circumstances, the court in such an action would be justified in awarding a lump sum of a small portion of the husband's estate for the wife's support for a limited period. As to this we need express no opinion. It was an abuse of discretion under the circumstances of this case to award the wife the equivalent of one third of the husband's estate instead of a periodical payment for her support.

The findings of the court are challenged by specifications that they are unsupported by the evidence. We do not think that it is necessary, in view of the fact that the judgment must be reversed, to consider these alleged errors. It may be proper to say that the evidence strongly indicates bad faith on the part of the plaintiff, but, as upon another trial it may

be different, or the court may take a different view, we deem it unnecessary to say anything further on the subject.

The judgment is reversed and the cause remanded for a new trial.

McFarland, J., Angellotti, J., Beatty, C. J., Van Dyke, J., and Lorigan, J., concurred.