DECKER, RESPONDENT, v. DECKER, APPELLANT.

(No. 4,050.)

(Submitted September 19, 1919.   Decided October 25, 1919.)

[185 Pac. 168.]

*Husband and Wife—Separate Maintenance—Complaint—Suffi-
ciency—"Willful Desertion"—Decree—Common Law.*

Separate Maintenance—Willful Desertion—Complaint—Sufficiency.
    1.  Complaint in an action for separate maintenance *held* sufficient
to state a cause of action under section 3653, Revised Codes, providing
that if the husband selects a place or mode of living which the wife
deems unreasonable and grossly unfit, it is desertion on the part of
the husband from the time her reasonable objections are made known
to him.
Pleading—Complaint—Construction—Sufficiency.
    2.  In determining whether a complaint states a cause of action or
entitles plaintiff to any relief, matters of form are to be disregarded,
as well as irrelevant and redundant allegations, and if from any
view plaintiff is entitled to relief the pleading will be sustained.
Separate Maintenance—"Willful Desertion"—What Constitutes.
    3.  Where the husband by cruelty or threats of bodily harm drives
the wife from the home or fails to provide a suitable place for her to
live in, his conduct in either case constitutes willful desertion, furnish-
ing a cause for absolute divorce or separate maintenance on that
ground.
    [As to what constitutes willful desertion, see note in 119 Am. St.
Rep. 626.]
Same—Action, Time for Commencing—Statutes.
    4.  *Held,* that an action for separate maintenance on the ground of
willful desertion may be commenced at any time after the desertion
occurs, and that section 3656, Revised Codes, which requires that
willful desertion must continue for the space of one year before it
is a ground for absolute divorce, has no application to an action for
maintenance.
Same—Decree—Limit of Power of Court—Periodical Allowances.
    5.  *Held,* that in an action for separate maintenance the district
court is without power to make a decree divesting the husband of title
to all his property and setting such title over to the wife, its author-
ity in the matter of making provision for the support and main-
tenance of the wife and minor children being limited to a decree
for periodical allowances, subject to change or discontinuance, as the
circumstances may require.
Common Law—Abrogation by Statute.
    6.  In Montana there is no common law in any case where the law
is declared by statute.
Separate Maintenance—Decree—Limit of Power of Court.
    7.  The decree in an action for separate maintenance does not alter
the marital status of the parties, cannot effect a division of prop-

erty, settle or determine the property rights of either, or change the course of inheritance.

Same—Decree—How Enforced.

    8. A judgment in an action for separate maintenance becomes a lien upon the property of the husband and may be enforced by execution as in an action at law.

Same—Decree—Provision for Children by Former Marriage.

    9. In an action for separate maintenance the court cannot, under section 3754, Revised Codes, make provision for the children of plaintiff by a former marriage.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by Katherine Decker against Wendolin Decker. Judgment for plaintiff, and defendant appeals. Modified and affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Wagner & Taylor,* for Appellant.

Appellant contends that the trial court was without authority to transfer title to his real property to the respondent, or award to her a gross sum, either in money or property, for her separate maintenance; also that the amended complaint does not support the judgment, in that it does not ask or demand that a gross sum be allowed respondent or that the property in question be transferred to her in fee simple, and that the decree should therefore be set aside.

In the absence of statutory authority a sum in gross should not be allowed in suits for maintenance. (See *Kusel* v. *Kusel,* 147 Cal. 57, 81 Pac. 295; *Crain* v. *Cavana,* 62 Barb. (N. Y.) 109, 121; *Doole* v. *Doole,* 144 Mass. 278, 279, 10 N. E. 811; *Burr* v. *Burr,* 10 Paige (N. Y.), 20, 22; *Russell* v. *Russell,* 4 G. Greene (Iowa), 26, 29, 61 Am. Dec. 112; *Lockridge* v. *Lockridge,* 3 Dana (Ky.), 28, 28 Am. Dec. 52; *Maguire* v. *Maguire,* 7 Dana (Ky.), 181; *Almond* v. *Almond,* 4 Rand. (Va.) 662, 15 Am. Dec. 781; *Murray* v. *Murray,* 84 Ala. 363, 4 South. 239; *Robinson* v. *Robinson,* 79 Cal. 511, 515, 21 Pac. 1095; 2 Bishop on Marriage & Divorce, 834, 835; 2 Ency. of Law, 129.)

In the case of *Russell* v. *Russell,* 3 G. Greene (Iowa), 26, 61 Am. Dec. 112, 114, in which the fee-simple title to a part of the husband's lands was granted to the wife, upon the granting of divorce, the court said: ''We think that in every view of the case it was going too far for the court to divest the husband of the fee-simple title to any portion of his land, and transfer it to the wife, for the purpose of giving her alimony. It is only a support of the wife for life. (*Wallingsford* v. *Wallingsford,* 6 Har. & J. (Md.) 485–488; Equity Digest, tit. ''Alimony''; *Jeans* v. *Jeans,* 2 Harr. (Del.) 142; *Clark* v. *Clark,* 6 Watts & S. (Pa.) 85.) We find no authority in a case of this kind for transferring the real estate of the husband in fee simple to the wife, independent of the consent of the husband, by the act of a court. The most that will be done judicially is to give the wife a lien on the real estate of the husband for the amount of alimony decreed. This principle is held in *Frakes'* v. *Brown,* 2 Blackf. 295; *Questel* v. *Questel,* Wright (Ohio), 492.'' (See, also, *Ross* v. *Ross,* 78 Ill. 402, 404; *Zuver* v. *Zuver,* 36 Iowa, 190, 196; *Reynolds* v. *Reynolds,* 68 W. Va. 15, Ann. Cas. 1912A, 889, 69 S. E. 381; *Ecker* v. *Ecker,* 22 Okl. 873, 20 L. R. A. (n. s.) 421, 98 Pac. 918; *Almond* v. *Almond,* 4 Rand. (Va.) 662, 15 Am. Dec. 781, 785.)

*Mr. E. C. Kurtz* and *Mr. H. C. Packer,* for Respondent.

''The right to maintain this action is independent of the right to maintain an action for divorce, and, being based upon the obligation of the husband to support the wife, may be instituted at any time after his desertion of her when he fails to give such support.'' (*Hardy* v. *Hardy,* 97 Cal. 125, 31 Pac. 906; *Galland* v. *Galland,* 38 Cal. 265; *Edgerton* v. *Edgerton,* 12 Mont. 122, 33 Am. St. Rep. 557, 16 L. R. A. 94, 29 Pac. 966; *Lang* v. *Lang,* 70 W. Va. 205, Ann. Cas. 1913D, 1129, 38 L. R. A. (n. s.) 950, 73 S. E. 716.)

Whether or not the facts in any given case are sufficient to warrant a decree for separate maintenance and permanent support, must, under the rule laid down in the *Edgerton Case,* rest

in the sound legal discretion of the trial court. There is no statutory provision making it obligatory to set out facts in the complaint, which would be sufficient to entitle plaintiff to a divorce, in order to be granted a decree for separate maintenance. "There is no settled rule which can be invoked in such a case to control the discretion of the trial court." (*Anderson* v. *Anderson*, 124 Cal. 48, 71 Am. St. Rep. 17, 56 Pac. 630, 57 Pac. 81.)

We contend that the power of the court to award a lump sum or a division of the property, at least under special circumstances, as and for the purpose of providing separate maintenance and permanent support is inherent in the court sitting as a court of equity. A full exposition of the law involved in cases such as this is found in the case of *Lang* v. *Lang, supra.*

A careful examination of all the cases which hold against the awarding of a lump sum or specific property rest their opinion on the ground of the possibility of a resumption of the marital relation. The reasoning employed in those cases has no application whatever to the case at bar.

Counsel have cited Bishop on Marriage & Divorce as supporting their contention that a lump sum may never be set aside to the wife in cases such as this. But, we submit, that his view cannot be controlling, for it is diametrically opposed, generally, to the view taken in these cases by this court, as well as courts of many other states. (*Edgerton* v. *Edgerton, supra;* *Kimble* v. *Kimble,* 17 Wash. 75, 49 Pac. 216; *Hagert* v. *Hagert,* 22 N. D. 290, Ann. Cas. 1914B, 925, 38 L. R. A. (n. s.) 966, 133 N. W. 1035.)

It is true that in some cases where a gross sum was granted, the court based its decision upon statutory provisions. (*Osman* v. *Osman,* 86 Kan. 519, 121 Pac. 327.) But a careful reading of the cases touching these questions discloses the rule that courts have based their opinion, not so much upon statutory enactments, as upon their inherent power to do justice in each particular case as their conscience and the principles of equity dictated. (*Anderson* v. *Anderson, supra.*)

MR. JUSTICE PATTEN delivered the opinion of the court.

Action for separate maintenance. To the complaint a general demurrer was interposed, which was overruled. Upon the defendant's failure to plead further, a default judgment was entered against him, decreeing to the plaintiff the right to live separate and apart from defendant, and that certain lands of defendant, which are particularly described in the complaint and decree, be awarded to plaintiff for the purpose of providing for her separate maintenance, and that the title in fee to said lands be divested from defendant and transferred absolutely to plaintiff, free from all claims of defendant.

The appeal is from the judgment, and two questions are presented for decision: First, Does the complaint state facts sufficient to constitute a cause of action; and, second, Did the district court have the power to divest the defendant of the title to his property, and to transfer the same to the plaintiff absolutely?

The complaint alleges that the plaintiff and the defendant [1] were married on August 16, 1915, and that plaintiff immediately went with defendant to his residence and took up her abode with him; that immediately thereafter defendant began and persisted in a course of conduct toward plaintiff which made it intolerable for plaintiff to remain with defendant; that upon her arrival at defendant's residence plaintiff discovered that he had made no provision for the common necessaries of life, and as a consequence she was compelled to retire without eating, and that during the whole time plaintiff remained with defendant the latter wholly failed to obtain suitable food, or to provide sufficient means wherewith to prepare the same, although he was possessed of abundant means to do so; that defendant requested plaintiff to prepare food from corn-meal which was decayed, worm-eaten and filled with worms, and, upon plaintiff calling defendant's attention to this, the defendant procured a sieve and demanded that plaintiff sift and screen and prepare said meal for food, stating that it would then be fit and proper for that purpose; that defendant at all times was extremely

filthy in his habits; that he failed to bathe his person, and that the bed which he provided for plaintiff's use was filled with nauseating, repulsive, and offensive odors; that defendant persisted in going about the house in scanty and insufficient clothing, thus exposing his person and private parts in a vulgar and indecent manner in the presence of plaintiff and her two minor daughters, notwithstanding plaintiff's repeated protests; that defendant was afflicted with boils and eruptions upon his person, and at divers and various times, while seated at the table, defendant would squeeze into his hands from said boils and eruptions certain vile, foul, and putrid pus and corruption, and then, without cleansing his hands, would proceed to handle and cut bread for common use; that plaintiff made known to defendant her objections to such conduct and habits of defendant, but that defendant persisted in the same; that such conduct and habits, and defendant's failure to provide food, were obnoxious to plaintiff, and rendered the continuance of the marital relation between plaintiff and defendant perpetually unreasonable and intolerable; and that on September 14, 1915, by reason thereof, the plaintiff left the residence of defendant, and since said date she has lived separate and apart from him, and defendant has not provided her with any of the common necessaries of life. It is further alleged that plaintiff and her two children by a previous marriage are wholly dependent for support upon her labor and the help of friends; that the defendant is the owner of certain lands situate in Ravalli county, of the value of $8,000, which is suitable property to be set apart to the plaintiff for the purpose of providing for her separate maintenance, and that the defendant is a strong and able-bodied man, amply able to earn a living for himself and for plaintiff and her said minor children.

1. The case is maintained under section 3677 of the Revised Codes, which, in so far as it is pertinent here, reads: "When the husband willfully deserts the wife, she may, without applying for a divorce, maintain in the district court an action against him for permanent support and maintenance of herself or of

herself and children. \* \* \* The final judgment in such action may be enforced by the court by such order or orders as in its discretion it may from time to time deem necessary, and such order or orders may be varied, altered, or revoked at the discretion of the court."

Section 3643 provides that absolute divorces or separations from bed and board, or decrees for separate maintenance, may be granted for any of the several causes therein mentioned, which includes that of willful desertion. By section 3646 willful desertion is defined as: "The voluntary separation of one of the married parties from the other with intent to desert."

Section 3653 reads: "If the place or mode of living selected by the husband is unreasonable and grossly unfit, and the wife does not conform thereto, it is desertion on the part of the husband from the time her reasonable objections are made known to him."

The allegations of the complaint are sufficient to bring the cause of action within the provisions of section 3653 above. In determining whether the complaint states a cause of action or [2] entitles plaintiff to any relief, matters of form are to be disregarded, as well as allegations that are irrelevant and redundant; and if from any view the plaintiff is entitled to relief, the pleading will be sustained. (*Raymond* v. *Blancgrass,* 36 Mont. 449, 15 L. R. A. (n. s.) 976, 93 Pac. 648.)

It is contended that the willful desertion, which is the only [3] ground provided in section 3677, above, for the maintenance of this action, is the willful desertion defined by section 3646, above, and that section 3647, which provides that departure or absence of one party from the family dwelling-place, caused by cruelty or threats of bodily harm from which danger would be reasonably apprehended from the other, is not desertion by the absent party, but is desertion by the other party, and section 3653, above, do not add grounds of desertion which in themselves are sufficient to warrant the granting of either an absolute divorce or a separate maintenance, but merely limit the right of action upon the ground of desertion given in section

3646, above. This interpretation, we think, is not justified by the wording of these sections. If one party by cruelty or threats of bodily harm drives the other party from the home, or if the husband fails to provide a suitable place for the wife to live in, the conduct on his part in either case is willful, and, construing these various sections together, and giving to each the meaning which was apparently intended, we think it results that either will furnish a cause for absolute divorce or separate maintenance as willful desertion.

By section 3656 it is provided that willful desertion must [4] continue for the space of one year before there is a ground for absolute divorce, and it is contended that the provision also applies to separate maintenance, and that the willful desertion must continue for the full period of one year before the court will be authorized to grant a separate maintenance under the provisions of section 3677, above. However, by its terms, section 3656 limits the requirement of one year's duration to the case of absolute divorce, and when that section is read in connection with sections 3643 and 3677, which contain no such requirement, we think it apparent that the action for separate maintenance may be commenced at any time after the desertion occurs.

The following language used by the supreme court of California in the case of *Hardy* v. *Hardy,* 97 Cal. 125, 31 Pac. 906, is applicable here: "The right to maintain this action is independent of the right to maintain an action for divorce, and, being based upon the obligation of the husband to support the wife, may be instituted at any time after his desertion of her when he fails to give such support."

2. The inference from the complaint is that the property [5] therein described is all of the property owned by defendant, and the decree divests him of the title thereto, and transfers it absolutely to the plaintiff. The action for separate maintenance is created by section 3677, above, and the relief therein prescribed can be granted only in cases which come within its [6] provisions. In this state there is no common law in any

case where the law is declared by statute. (Sec. 6213, Rev. Codes.) The case of *Edgerton* v. *Edgerton,* 12 Mont. 122, 33 Am. St. Rep. 557, 16 L. R. A. 94, 29 Pac. 966, was decided by this court on common-law principles prior to the adoption of section 3677, above, which was first enacted as a part of the Civil Code of 1895, and what is said there has no application here.

The judgment in a case of this kind does not alter the marital [7] status, except in so far as it gives legal sanction to the wife's living separate and apart from her husband. It is not intended that such a decree shall effect a division of property, or shall in any way settle or determine the property rights of the parties; nor is it contemplated that the course of inheritance shall be changed. (*Russell* v. *Russell,* 4 G. Greene (Iowa), 26, 61 Am. Dec. 112, 114.) A reconciliation may be effected, and the marital relations resumed, and any decree which is made is subject to alteration or modification at any time. To sustain a decree such as the one under review would put it beyond the power of the court to make any further order in respect of the property affected by it.

Provision for the support and maintenance of the wife and minor children, if any, during the period of separation, is all that is aimed at or sought to be accomplished by the action, and this, we think, should be in the form of periodical allowances, which may be changed or discontinued by the court, as the circumstances may require. As was said in the case of *Kusel* v. *Kusel,* 147 Cal. 57, 81 Pac. 295, with reference to sections of the Civil Code of California identical with those above: "It will be observed that there is nothing in the statutory provisions above quoted expressly authorizing the court in suits for maintenance to divide the property of the husband, or to give to the wife, in lieu of periodical payments for her support, a gross sum out of the husband's estate. * * * The action does not contemplate a divorce, but, on the contrary, that the parties shall continue to remain as they were before— husband and wife. The rights of the wife in the remaining

property of the husband are not destroyed or affected in the
least by the decree or judgment. The necessity for the separate
maintenance may terminate at any time by reconciliation of the
parties, or by the death of one of them. The law favors the
reconciliation of the parties, and it should not be construed
so as to afford a temptation for the wife to press an action
for maintenance rather than to seek restoration to her marital
·rights. There is nothing in the statute which requires us to
depart from the prevailing rule that the right to alimony or
maintenance, where the marriage is not dissolved, contemplates
periodical payments during such time as the necessity for the
maintenance continues, and not an absolute allowance out of
the estate.'' (See, also, *Reynolds* v. *Reynolds,* 68 W. Va. 15,
Ann. Cas. 1912A, 889, 69 S. E. 381.)

A judgment in favor of the wife, making provision for her
[8] separate maintenance, becomes a lien upon the property
of the husband and may be enforced by execution in the same
manner as a judgment in an action at law. (*Raymond* v.
*Blancgrass,* above.) By section 3680 of the Revised Codes, it
is provided that ''The court, or judge may require the hus-
band to give reasonable security for providing maintenance or
making any payments required under the provisions of this
chapter, and may enforce the same by the appointment of a re-
ceiver, or by any other remedy applicable to the case.'' To this
extent the property of the defendant may be subjected to the
payment of any allowance made by the court under section
3677, above. But it results from what is said above that the
court is without power to divest the husband of title to his
property and set such title over to the wife. It may be added
[9]· that in this case the court was not permitted to make pro-
vision for the children of plaintiff by a former marriage. (Sec.
3754, Rev. Codes.)

The cause is remanded to the district court, with directions
to strike from the decree so much thereof as divests the defend-
ant of title to the lands therein described and transfers the
same absolutely to the plaintiff, and in lieu thereof to make a

suitable allowance for the support and maintenance of the wife in accordance with the views herein expressed. When so modified, the judgment appealed from will stand affirmed.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.

