BOGGS, Appellant, v. BOGGS, Respondent.

No. 8690

Submitted January 9, 1947. Decided February 18, 1947.

177 Pac. (2d) 869

Mr. Raymond Shelden, of Ekalaka, for appellant.

Mr. D. R. Young, of Baker, for respondent.

MR. JUSTICE METCALF delivered the opinion of the court.

George S. Boggs and Nellie Boggs were married on December 18, 1940, at Miles City, Montana. Both had been previously married. They had been betrothed in their youth and after the death of their respective spouses were married when the husband was 66 and the wife 64. At the time of their marriage, Mr. Boggs, appellant herein and plaintiff in the action below, was farming near Ekalaka. From the date of their marriage until September, 1943, they lived on the farm. In September, 1943, they sold their farm and moved first to Port Orchard, Washington, and later to Torrance, California, where the appellant was employed in defense work.

On April 5, 1945, while the parties were living in Torrance, California, Mr. Boggs left a note for his wife as follows: "Nell —I hate to have to do this But I am gone—I just cant stand this life any longer. Good By & Good luck Geo. Will send you more money soon Take this check to the Bank," and a check for $1,000. On April 8, 1945, Mr. Boggs sent his wife a second check for $1,000 and informed her that that was all she was going to get. On August 4, 1945, in Carter county, Montana, Mr. Boggs filed suit for divorce from Mrs. Boggs, alleging mental cruelty as a result of a course of conduct on the part of the respondent in which she was charged with bad

temper, use of obscene language, nagging, sarcasm, objection to appellant's friends and fault finding with the kind of work appellant engaged in. The respondent filed an answer generally denying the allegations of mental cruelty and by way of cross-complaint alleged that the appellant had deserted her in April, 1945, that since that time appellant had lived separate and apart from respondent and set forth various financial transactions between the parties. Respondent prayed for a decree of separate maintenance, attorneys' fees, support money and permanent alimony.

Appellant's reply denied the material allegations of the respondent's cross-complaint and gave appellant's version of the financial situation between the parties.

After trial without a jury on April 11, 1946, the court found that by reason of incompatibility of temperament it was impossible for the parties to live together and that there was little probability that the parties would ever live together as husband and wife; that the respondent was entitled to permanent maintenance and support from appellant and that alimony in gross in the sum of $1,500 should be granted respondent, upon payment of which the appellant would be relieved of all future obligations to support the respondent. Other findings as to the financial status of the parties were also made. The court from these findings of fact concluded that the appellant be denied a decree of divorce; that the respondent was entitled to a decree of separate maintenance; that the appellant was legally bound to provide for the support of the respondent and that a lump-sum settlement in the amount of $1,300 ($1,500 less $200 previously advanced by appellant for attorneys' fees and costs) be paid to the clerk of court by the appellant, upon payment of which the appellant would be relieved of any future obligation to support respondent. Judgment and decree was entered accordingly and this appeal is from that judgment and decree.

Questions presented by this appeal are: Did the court err (1) in denying an absolute divorce to appellant; (2) in entering

a decree of separate maintenance for respondent; (3) in award-
ing alimony in gross to respondent.

Under the rule of Argenbright v. Argenbright, 110 Mont.
379, 382, 110 Pac. (2d) 62, the question of whether the
defending spouse has been guilty of a course of conduct
amounting to extreme cruelty is purely a question of fact to
be determined from all the testimony presented.

The burden is on the complainant to show that the effect of
a course of conduct is such as to create the condition
which the statute condemns. Argenbright v. Argenbright,
supra, 110 Mont. at 383, 110 Pac. (2d) 62; Judson v. Anderson,
Mont., 165 Pac. (2d) 198.

Here the evidence is in direct conflict as to the alleged acts
of the respondent constituting cruelty. A discussion of
all the evidence in the record on this point would be a waste
of time and effort. There is substantial evidence to support
the findings and conclusions of the trial court that the ap-
pellant had not sustained the burden of proof necessary to
establish his right to a divorce. On a review by this court "our
province is but to ascertain whether there is any substantial
evidence to support the findings and conclusions of the trial
court." Wieri v. Anaconda Copper Min. Co., 116 Mont. 524,
531, 156 Pac. (2d) 838, 841, State ex rel. Anderson v. Gile,
Mont., 172 Pac. (2d) 583.

Appellant next complains the wife must first establish that
there has been a wilful desertion before an action for
separate maintenance can be upheld. Section 5769, Revised
Codes of Montana 1935, provides in part: "When the husband
wilfully deserts the wife, she may, without applying for a
divorce, maintain in the district court an action against him
for permanent support and maintenance of herself or of her-
self and children."

It is appellant's theory that, since the husband may choose
any reasonable place of living (sec. 5745, Rev. Codes), the re-
spondent has actually deserted the appellant because she is
not living with him in Montana. This is controverted by ap-

pellant's own testimony on cross-examination. Appellant was confronted by the allegation in his reply, ''That the plaintiff, under the laws of Montana, is entitled to establish the matrimonial home where he desires; that the defendant is actually deserting and abandoning the plaintiff by reason of her failure to come to Montana to reside with the plaintiff.'' He declared he didn't care where his wife resided and stated that although this was a part of his reply, he had not read that statement or he would have scratched it out. He further admitted that he had left his wife without letting her know beforehand of his intentions and that he had never let her know that he was coming to Montana. He was asked, ''Did you ever suggest to her coming here to live with you?'' and his answer was, ''No, I didn't want her here.''

This is sufficient evidence of desertion to support a decree of separate maintenance under section 5769, Revised Codes.

But appellant asserts that this is not desertion for the reason that he was forced to abandon respondent because of her cruelty to him and cites section 5740, Revised Codes, to support this contention. Section 5740 provides in part: ''Departure or absence of one party from the family dwelling place, caused by cruelty * * * is not desertion by the absent party, but it is desertion by the other party.''

The appellant alleged that the mental cruelty complained of had existed for a period of more than one year prior to the institution of the action. Evidence was introduced in support of this allegation showing the alleged cruelty to have been existent for several years. Yet the trial court affirmatively found that the appellant was not entitled to a divorce for mental cruelty. Such a finding, coupled with the award of decree of separate maintenance to the respondent would imply that the court also found that appellant's departure was not occasioned by respondent's cruelty. Sec. 9369, Rev. Codes of 1935. In Park Saddle Horse Co. v. Cook, 89 Mont. 414, 419, 300 Pac. 242, 244, it is said: ''Where no findings are made, and none requested, it will be presumed that the court found

in favor of the prevailing party upon every issue necessary to support the judgment; and, where the court has made findings which are deficient, but the defects are not pointed out, the presumption will be indulged that the court found upon other facts in issue sufficient, by supplementing the facts found, consistent therewith, to sustain the judgment.''

The remaining error assigned is directed at the award of ▆ alimony in gross to the respondent. The Montana rule for such an award in a separate maintenance case is laid down in Decker v. Decker, 56 Mont. 338, at 346, 185 Pac. 168, 170.

''The judgment in a case of this kind does not alter the marital status, except in so far as it gives legal sanction to the wife's living separate and apart from her husband. It is not intended that such a decree shall effect a division of property, or shall in any way settle or determine the property rights of the parties; nor is it contemplated that the course of inheritance shall be changed. Russell v. Russell, 4 G. Greene, Iowa, 26, 61 Am. Dec. [112], 114. A reconciliation may be effected, and the marital relations resumed, and any decree which is made is subject to alteration or modification at any time. To sustain a decree such as the one under review would put it beyond the power of the court to make any further order in respect of the property affected by it.

''Provision for the support and maintenance of the wife and ▆ minor children, if any, during the period of separation, is all that is aimed at or sought to be accomplished by the action, and this, we think, should be in the form of periodical allowances, which may be changed or discontinued by the court, as the circumstances may require. As was said in the case of Kusel v. Kusel, 147 Cal. 57, 81 Pac. 295, with reference to sections of the Civil Code of California identical with those above: 'It will be observed that there is nothing in the statutory provisions above quoted expressly authorizing the court in suits for maintenance to divide the property of the husband, or to give to the wife, in lieu of periodical payments for her support, a gross sum out of the husband's estate. * * * The action does

not contemplate a divorce, but, on the contrary, that the parties shall continue to remain as they were before—husband and wife. The rights of the wife in the remaining property of the husband are not destroyed or affected in the least by the decree or judgment. The necessity for the separate maintenance may terminate at any time by reconciliation of the parties, or by the death of one of them. The law favors the reconciliation of the parties, and it should not be construed so as to afford a temptation for the wife to press an action for maintenance rather than to seek restoration to her marital rights. There is nothing in the statute which requires us to depart from the prevailing rule that the right to alimony or maintenance, where the marriage is not dissolved, contemplates periodical payments during such time. as the necessity for the maintenance continued, and not an absolute allowance out of the estate.' '' See also Blache v. Blache, 69 Cal. App. (2d) 616, 160, Pac. (2d) 136.

It was improper for the trial court to make a lump-sum ██ award of alimony and for it to attempt to divest itself of further jurisdiction by providing in the decree that upon such payment the appellant would be relieved of any future obligation to support his wife.

It is ordered that the judgment be modified by vacating the portion thereof directing the payment of a lump sum by appellant and as so modified the cause is remanded to the district court with directions that the court, after a hearing, if necessary, determine whether defendant is entitled to support money and, if so, the amounts thereof in periodical payments.

It is further ordered that each party pay his own costs on this appeal.

Mr. Chief Justice Adair and Associate Justices Choate, Cheadle and Angstman concur.

Rehearing denied March 6, 1947.