RUFENACH, APPELLANT, *v.* RUFENACH, RESPONDENT.

No. 8731

Submitted September 26, 1947. Decided October 10, 1947.

185 Pac. (2d) 293

Mr. T. R. Delaney, of Polson, Mr. T. H. MacDonald, of Kalispell, and Mr. Stanley M. Doyle, of Polson, for appellant.

Mr. Lloyd I. Wallace, of Polson, for respondent.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the Court.

This is an appeal from a judgment entered against the defendant husband in an action for divorce based upon extreme cruelty.

The judgment: (1) Gave the wife an absolute divorce; (2) gave her custody of the two children of the marriage, aged nine and ten years respectively; (3) gave her monthly the sum of $40 for the maintenance of said children and (4) "decreed, assigned and set aside" to the wife specific real and personal property of the defendant husband "as a property settlement * * * and as a lump settlement, for her own use and benefit."

The authority of the trial court to decree a dissolution of the marriage, to award custody of the children and to require the husband to pay the money necessary for the maintenance of the children is not here questioned.

The appellant husband, however, does challenge the jurisdiction of the trial court to divest his title to specific real and personal property and transfer it to the wife.

The general rule is that unless the power is conferred by

█ statute, the court, in an action for divorce, has no power to divest the title of the husband to specific real or personal property and to vest such title in the wife, either in lieu of or in addition to alimony. Watts v. Watts, 304 Mo. 361, 263 S. W. 421; Games v. Games, 111 W. Va. 327, 161 S. E. 560; Ring v. Ring, 185 Va. 269, 38 S. E. (2d) 471, 165 A. L. R. 1237; Davis v. Davis, 123 Or. 667, 263 Pac. 914; Tremper v. Tremper, 39 Cal. App. 62, 177 Pac. 868; McKannay v. McKannay, 68 Cal. App. 701, 230 Pac. 214; Miller v. Miller, 52 Cal. App. (2d) 443, 126 Pac. (2d) 357; Green v. Green, 7 Ind. 113; Russell v. Russell, 4 G. Greene, Iowa, 26, 61 Am. Dec. 112; Waltrick v. Waltrick, 169 Md. 705, 182 A. 339; Hall v. Hall, 180 Md. 353, 24 A. (2d) 415; Nicodemus v. Nicodemus, Md., 48 A. (2d) 442; Aylor v. Aylor, Mo. Sup. 1916, 186 S. W. 1068; Fisher v. Fisher, Mo. App. 1918, 207 S. W. 261; Doe v. Doe, 52 Hun, N. Y., 405, 5 N. Y. S. 514; Moul v. Moul, 30 Wis. 203; Bacon v. Bacon, 43 Wis. 197; Nobrega v. Nobrega, 13 Haw. 654.

There is no authority either in the statutes of Montana or in the decisions of this court, in an action for divorce, to divest the title of the husband to his property and to adjudge or order an involuntary assignment and transfer thereof to the wife. In Thrift v. Thrift, 54 Mont. 463, 171 Pac. 272, 273, this court directed the elimination from a decree of divorce a provision which ordered the transfer to the wife of the husband's title to 160 acres of land holding that "under no circumstances could the court transfer the title absolutely." This decision, conforming with the general rule above stated, is commented upon in the note in 133 A. L. R. at pages 878, 879. Compare also Decker v. Decker, 56 Mont. 338, 185 Pac. 168, and Boggs v. Boggs, Mont., 177 Pac. (2d) 869.

Where a divorce is granted for an offense of the husband the █ district court under the power conferred upon it by section 5771, Revised Codes of Montana, 1935, may compel the husband "to make such suitable allowance to the wife for her support * * * as the court may deem just" but these provisions

do not authorize the trial court, by decree, to vest in the wife the title to the husband's property.

The cause is remanded with directions to modify the judgment by vacating the last two provisions thereof, namely; (1) By vacating the portion thereof decreeing that "Lot Two (2) of Block C, Glacier View Addition to the Town of Ronan, Lake County, Montana, and the household furniture belonging to the parties hereto, be and the same is hereby decreed, assigned and set aside to the plaintiff as a property settlement in lieu of her own rights to support and of her interest in all of the defendant's property and as a lump sum settlement, for her own use and benefit"; and (2) by vacating the portion thereof decreeing, "that the defendant, Carl A. Rufenach, within ten (10) days after the signing of this Decree, execute and deliver to the plaintiff a Quit Claim Deed and other sufficient deed conveying to the plaintiff all and every the lots, parcels or tracts of land hereinabove described, including the furniture, and in default of the execution and delivery of said deed as aforesaid by the defendant, this Decree shall have the effect and operation at law and in equity of such conveyance so as to vest the title to said premises in the said plaintiff in fee simple, subject only to that certain mortgage dated December 28, 1942, held by C. O. Kreider, in the principal sum of $600.00 with interest at six percent; that defendant and all persons claiming through or under him (other than the plaintiff) be and they hereby are forever barred, restrained and enjoined from asserting any right, title or interest in or to any of the above described property or any part thereof after the said ten (10) day period hereinabove specified."

It is ordered that the judgment be further modified by directing after a hearing, if necessary, the payment by defendant to plaintiff periodically, of such allowance as the court may deem just for plaintiff's support. Sec. 5771, Rev. Codes.

The judgment is in other respects affirmed.

Associate Justices Choate, Angstman, and Metcalf concur.