D. WAYNE STAPLETON, Plaintiff and Appellant, *v.* LOR-
RAINE A. STAPLETON, Defendant and Respondent.

No. 12042.
Submitted September 1, 1971.
Decided September 24, 1971.
488 P.2d 1144.

Leo J. Kottas, Sr., argued, Helena, for plaintiff-appellant.

James C. Wilkins, argued, Lewistown, for defendant-respondent.

MR. JUSTICE DALY delivered the Opinion of the Court.

This is an action for divorce by plaintiff, D. Wayne Stapleton, from defendant, Lorraine A. Stapleton, brought in the Tenth Judicial District, Fergus County. Plaintiff prayed for divorce and a division of property. Defendant filed a general denial and cross complaint for separate maintenance, custody and support of their eighteen year old male child, attorney fees, costs, and division of property.

The matter was heard by the court sitting without a jury on July 28, 1970. Judgment was entered on December 18, 1970, denying plaintiff a divorce, awarding custody of the minor child to defendant with support in the amount of $100 per month. The court further ordered the property be divided equally between the parties and that plaintiff pay the sum of $200 per month to defendant for support and maintenance until the property division was accomplished, together with costs.

After denial of plaintiff's motion to amend findings and judgment and for new trial, plaintiff appeals from the final judgment.

Plaintiff and defendant were married October 3, 1948. Plaintiff was 21 years old and defendant was 18. They have one son, born February 11, 1952. At the time of the marriage each had about the same assets. He owned an automobile; she had saved about $1600 to attend school. Plaintiff started farming and ranching on leased land outside of Denton, Montana and for the

most part they resided in Denton. Defendant worked at odd jobs ' in Denton for the city and other firms and averaged about $1500 per year in addition to helping with the farm operation and attending to domestic responsibilities. The evidence reveals that after 21 years of marriage the parties have joint assets of $99,107 less debts of $37,863.94 or $61,243.06, net appraisal value.

Plaintiff presents the following issues on appeal:

1. Insufficiency of the evidence to justify the findings and judgment and said judgment is against the law as to the following:

(a) The sum of $200 support of defendant.

(b) and (c) Requiring monthly support for 18 year old child without providing and restricting same until he reaches majority and dependent with which party he chooses to live.

(d) Requiring property to be divided instead of being held in status quo.

2. The awarding of one half of the property to defendant and monthly support payments without requiring one half payment of all debts and operating expenses is excessive and appears to be given under passion and prejudice.

3. The awarding of one half division of property without a decree of divorce is against the law in that no division of property can be decreed on granting of separate maintenance.

4. The court erred in failing to amend its findings, conclusions and judgment.

5. The court erred in failing to grant plaintiff's motion for a new trial.

6. The court erred in failing to decree a divorce.

The issues presented reduce themselves to three that control —support payments, property division, and denial of a decree of divorce to plaintiff.

We have reviewed the evidence and find that there is, regardless of the direct conflict between the parties, sufficient evidence in the record to support the trial court's findings in denial of a divorce to plaintiff.

■ The entire financial position of the parties is before the Court, in addition to the need of the defendant and son, and we find it to be sufficient substantial evidence to support the findings of the trial court in making the support award.

■ It is well settled law and requires no citation that in review this Court's province is only to ascertain whether there is substantial evidence to support the findings of fact and conclusions of law of the trial court.

■ Additionally, the error claimed by plaintiff in issue No. 1, (b) and (c), which complains the judgment should be restricted as it concerns the minor son, is without merit. The judgment states "until the further order of the Court" and as is the case with all support awards, it remains within the jurisdiction of the trial court to modify or extinguish upon emancipation or change of circumstances. Considering the plaintiff's testimony on this point, he indicated his desire to support the son until he received an education, if the son so desired.

It also appeared settled that the son would continue to reside with his mother.

■ The final issue is the division of property ordered by the court following the granting of separate maintenance and the support of the defendant being contingent thereon. We find the trial court in error on this point.

Section 21-136, R.C.M.1947, defines relief that can be given when divorce is denied and is controlling. Without further statutory authority we find no reason to change the rule laid down in Decker v. Decker, 56 Mont. 338, 185 P. 168, and affirmed in Boggs v. Boggs, 119 Mont. 540, 545, 177 P.2d 869, 872, which speaks directly on the two matters above—division of property and termination of the wife's support upon such division, in the following language:

" 'The judgment in a case of this kind does not alter the marital status, except in so far as it gives legal sanction to the wife's living separate and apart from her husband. It is not

intended that such a decree shall effect a division of property, or shall in any way settle or determine the property rights of the parties; nor is it contemplated that the course of inheritance shall be changed. Russell v. Russell, 4 G.Greene, Iowa, 26, 61 Am.Dec. [112], 114. A reconciliation may be effected, and the marital relations resumed, and any decree which is made is subject to alteration or modification at any time. To sustain a decree such as the one under review would put it beyond the power of the court to make any further order in respect of the property affected by it.

" 'Provision for the support and maintenance of the wife and minor children, if any, during the period of separation, is all that is aimed at or sought to be accomplished by the action, and this, we think, should be in the form of periodical allowances, which may be changed or discontinued by the court, as the circumstances may require. As was said in the case of Kusel v. Kusel, 147 Cal. 57, 81 P. 295, with reference to sections of the Civil Code of California identical with those above: "It will be observed that there is nothing in the statutory provisions above quoted expressly authorizing the court in suits for maintenance to divide the property of the husband, or to give to the wife, in lieu of periodical payments for her support, a gross sum out of the husband's estate. * * * The action does not contemplate a divorce, but, on the contrary, that the parties shall continue to remain as they were before—husband and wife. The rights of the wife in the remaining property of the husband are not destroyed or affected in the least by the decree or judgment. * * *" ' "

The judgment should be modified by vacating that portion thereof contained in all of paragraph (3) relating to property division, and paragraph (4), except for the following language:

"the plaintiff be, and he hereby is, required to pay the sum of $200.00 per month for the support of the defendant, said payments to begin on or before the 10th day of January, 1971, and continue on or before the 10th day of each month thereafter."

The cause is remanded to the district court for modification of the judgment in accordance with what has been said herein and enforcement of the provisions thereof.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN C. HARRISON, HASWELL, and CASTLES, concur.