[Civil No. 4556.   Filed March 29, 1943.]

[135 Pac. (2d) 215.]

EDMUND   ARENDT, Appellant,   v.   JOHANNA ARENDT, Appellee.

Messrs. Hayes & Allee, for Appellant.

Mr. Robert Denton, for Appellee.

ROSS, J.—The plaintiff, Johanna Arendt, and defendant, Edmund Arendt, were intermarried October 11, 1937. The defendant resided near Casa Grande, Pinal County, Arizona, where he and an older brother, Harry, carried on a dairy business, their 69-year-old mother keeping house for them. Such business, including livestock, dairy equipment and real estate, is variously estimated to be of a value of from $30,000 to $50,000 at the time of such marriage. Plaintiff, defendant, his brother and mother were foreign born but were immediately from Cleveland, Ohio. Prior to the marriage plaintiff had not lived in Arizona but had, with a younger sister, visited for two weeks or more as a guest of the defendant, his brother and mother at their dairy ranch. In a general way she knew of the family problems ahead of her before she married the defendant. Very soon, what might have been anticipated came to pass. Instead of being mistress of the home, she realized she was just a member of defendant's family. While the family before her induction into it no doubt prospered and was content, afterwards it seethed with jealousies and dissensions. The loyalty to the wife, at first generous and assertive, at last broke down and defendant identified himself with his mother and brother and justified their and his attitude toward his wife. The details of the story leading to the disruption of the family were heard by the trial court and, without reciting them here, we feel that its conclusions generally should be sustained.

The action is one by the wife and seeks separate maintenance for herself and a girl child, Elsa Anne, issue of the marriage, born August 22, 1938. The ground upon which she bases her right to such relief is that defendant, on or about the month of October, 1939, wilfully and without cause deserted her. The

evidence is not in dispute on that point. Defendant himself testified that on or about that date he quit having relations with his wife and thereafter had lived separate and apart from her, and it appears that it was against her will and consent.

The defendant in his cross complaint charges plaintiff with cruelty and prays for a dissolution of the marriage bonds on that ground.

Desertion is a ground of divorce and when it happens the wife may, under the law, sue for an absolute divorce (section 27–802, Arizona Code 1939), or a divorce from bed and board (section 27–812), or for separate maintenance (section 27–815). This is an action for separate maintenance of plaintiff and the minor child. Section 27–815 provides that: ''When the husband wilfully deserts or abandons the wife, or upon any cause for an absolute divorce,'' the wife may maintain an action against him ''for the permanent separate maintenance and support of herself, or of herself and children.'' Section 27–816 provides that:

''The final decree shall provide for the payment by the husband to the wife in one sum, or from time to time such amounts as may be necessary for the support of the wife and minor children, and the amount may be adjudged a lien upon any separate property of the defendant.''

The court's judgment awarded to plaintiff $3,500, in one sum, for her maintenance and support, $25 per month for the maintenance and support of the minor child, $400 for attorney's fees, and costs taxed at $31. It was adjudged that all of these items be a lien upon the defendant's one-half interest in and to certain real estate therein described and upon any other separate property of the defendant.

From this judgment the defendant has appealed.

His first complaint is that he should have been granted an absolute divorce. In this claim he is not

supported by the evidence. It is clear to our thinking that the cause of the trouble was too much of defendant's family and an unwillingness on his part to forsake all others and cling to his wife and her only.

He next objects to the amount and form of the judgment for the maintenance and support of the plaintiff. He insists that the judgment should have been for monthly or short periodical payments within the ability of defendant to pay and to meet the current necessities of the plaintiff, instead of a fixed sum. He cites cases from states with statutes different from ours that sustain his position, but in such states there is no statutory provision "expressly authorizing the court in suits for maintenance to divide the property of the husband or to give to the wife, in lieu of periodical payments for her support, a gross sum out of the husband's estate." *Kusel* v. *Kusel,* 147 Cal. 57, 81 Pac. 295. This case and others cited by defendant were ruled by the local statutes and are not in point here.

Our statute is that the final decree shall provide "in one sum, or from time to time," etc. See section 27–816, *supra.* The court, in the exercise of its discretion, provided a lump sum for the wife's support. The law and the evidence, it seems to us, justify such a decree. When plaintiff married defendant she had $800, which she turned over to her husband. When they separated she had nothing that she could turn to as a means of support. He had not returned to her said sum although he admitted receiving it. Her ability to earn a living, it is true, had not been taken from her. However, she had no home, no place to live and was encumbered with the care and custody of their child. She was willing to continue living with defendant as his wife. Under such circumstances and the further fact that the evidence and the allegations of defendant's pleadings show that his portion of the

dairy business and other holdings were worth $15,000, it appears to us the allowance of the lump sum of $3,500 to her pending a reconciliation, or to start life over again, was not out of reason.

We have been unable to find any statutes like ours and as a consequence no court decisions to aid us in construing the provisions that authorize the court to grant the wife who is deserted or abandoned by her husband "permanent separate maintenance" for the "support of herself, or of herself and children," and to provide in the final decree for the payment thereof "in one sum, or from time to time." This language certainly empowered the court to make and enter the judgment complained of and, in view of the circumstances detailed, we cannot say the order or judgment was erroneous for the reason that it awards the wife the lump sum of $3,500. The judgment, in terms, provides that it shall be a lien on defendant's separate property, which is authorized by the statute so far as the item of $3,500 for the support of the wife and the monthly payments for the support of Elsa Anne are concerned. Section 27–816, *supra*.

██ We find nothing in the statute giving a lien to plaintiff on defendant's separate property for attorney's fees. Defendant objects to the amount allowed for attorney's fees. We think, considering the amount of property involved and that three days were consumed in the trial, the sum of $400 is not excessive.

With this modification, the judgment of the lower court is affirmed.

McALISTER, C. J., and STANFORD, J., concur.