[Civil No. 4585. Filed June 5, 1944.]

[149 Pac. (2d) 363.]

ABRAHAM ACKERMAN, Appellant, v. JUDAH A. KAUFMAN, as the Executor of the Estate of Annie Kaufman, Deceased, Appellee.

Mr. V. L. Hash, for Appellant.

Messrs. Conner and Jones, for Appellee.

McALISTER, C. J.—This is an action by Abraham Ackerman against Judah A. Kaufman, as executor of the estate of Annie Kaufman, deceased. Both parties were residents of Pima County, Arizona, and Annie Kaufman died on September 3, 1940, and Judah A. Kaufman was appointed executor of her estate on the 25th day of September 1940, and qualified as said executor on that date.

The complaint of Abraham Ackerman, the brother of Annie Kaufman, is as follows:

" . . .

"II. That the defendant, Judah A. Kaufman, is a resident of the County of Pima, State of Arizona. That the said defendant, Judah A. Kaufman, was appointed Executor of the Estate of Annie Kaufman, deceased, in probate case No. 8054, by the Superior Court of the State of Arizona, in and for the County of Pima, on the 25th day of September, 1940; and that said defendant was appointed Executor of said Estate of Annie Kaufman, deceased, by said Court on the 25th day of September, 1940, and qualified as said Executor on said date.

"III. That said Annie Kaufman, deceased, died while having and owning real property and personal property situated in Pima County, Arizona, and did leave a will and testament which was destroyed and never probated after her death. That the will and testament now on file in said Probate Case No. 8054 is not the true will of said Annie Kaufman, deceased. That said substitution was fraudulently made for the purpose of defrauding this plaintiff of his share of said estate of Annie Kaufman, deceased.

"IV. That said Judah A. Kaufman did utter, publish and pass, as true and genuine, a fraudulent will, purporting to be the last will and testament of Annie Kaufman, deceased, and collected the sum of $43,-

887.27, by filing the said will for probate in the Superior Court of the State of Arizona, in and for the County of Pima, on September 13, 1940.

"V. That the plaintiff did not discover the fraud and the fact that said Judah A. Kaufman did utter, publish and pass as genuine and true, the said fraudulent will, until the 12th day of March, 1942; and this plaintiff did not know before this date that said will was fraudulent.

"VI. On September 13, 1940, the will of Annie Kaufman, deceased, was filed for probate in the Superior Court of the State of Arizona, in and for the County of Pima; said will bearing the date of July 2, 1940. That the plaintiff, Abraham Ackerman, while in the Clerk's office of said Superior Court, after the filing of said will of said Annie Kaufman, deceased, the same having been filed at the request of said Judah A. Kaufman plaintiff Abraham Ackerman, examined the will of said Annie Kaufman, and then and there found the will to be merely signed in Jewish writing, which, when interpreted into English then read 'HIA ITA.' Two inches to the left of and on the same line with the written signature 'Hia Ita,' there was a scratching around three or four times, in ink, in the shape of an egg.

"VII. That on March 12, 1942, the plaintiff, Abraham Ackerman, examined the will of Annie Kaufman, deceased, while in the said Clerk's office, and discovered that the signature of Annie Kaufman, deceased, had been changed from 'Hia Ita' in Jewish writing, to 'Annie Ita,' also in Jewish writing; and under the signature 'Annie Ita' in Jewish was the signature of Annie Kaufman which was written in English. The oval-like scratching around was not present as it was when plaintiff first saw the will on file in said Clerk's office. Then plaintiff knew that the will and testament on file in said probate matter—In the Estate of Annie Kaufman, deceased, was and is a false and fraudulent will, and that the Executor, Judah A. Kaufman, as the Executor of said Estate, knew it to be a fraud at the time it was filed in said probate matter.

"IX. The reason the will was changed is that by her original and genuine will, Annie Kaufman, now

deceased, had left all of her estate to this plaintiff Abraham Ackerman, her brother and had left her husband, Judah A. Kaufman, but one dollar.

"X. In the will now on file, plaintiff, Abraham Ackerman is left only one dollar while Judah A. Kaufman was left, and has already received the entire estate of said Annie Kaufman, deceased, amounting to $43,887.27.

"XI. That before said Annie Kaufman died and while she was in the California Hospital at Los Angeles, California, this plaintiff visited the said Annie Kaufman, his sister, who informed said plaintiff, as she had many times before, that she intended to and would leave said plaintiff, her brother, all of her estate and property. And further, while the plaintiff Abraham Ackerman, was in the hospital he talked to Dr. Cook and to the nurse in charge, and the doctor and nurse told the plaintiff that Annie Kaufman was so ill between the 2nd and 3rd day of July, 1940, that her face and body had turned yellow and she was not able to sign anything and her step-daughter had to sign her name on the necessary hospital papers before the operation. She had a very serious operation the 3rd day of July.

"XII. That in the latter part of February, 1942, a man came to the plaintiff's room and gave him a letter with a dollar inside, and the plaintiff was going to give back the dollar, but the man ran away. Right after that the plaintiff took the dollar and put it in an envelope, registered same in the United States Post Office, and mailed it to Conner and Jones, and mentioned in the letter that he refused to accept the dollar.

"XIII. That all papers and notices in said Estate of Annie Kaufman, deceased, that the said attorneys, Conner and Jones, for said estate sent to this plaintiff, were mailed to 186 South Meyer Street, Tucson, Arizona; but that this plaintiff never did live at said place or address.

"Wherefore, plaintiff, Abraham Ackerman, prays judgment against said defendant, Judah A. Kaufman; that the order heretofore entered by the above entitled Court in said Estate of Annie Kaufman, de-

ceased, admitting the writing to probate as the will of said Annie Kaufman, deceased, and the order appointing said Judah A. Kaufman as the Executor of said Estate, be vacated and set aside and the alleged will be declared null and void, and that a proper administrator for said estate, amounting to $43,887.27 be appointed; and that Abraham Ackerman, the plaintiff herein, be declared the lawful heir to the estate of Annie Kaufman, deceased; and for such other and further relief as to this Court may seem proper in the premises.

"Abraham Ackerman (Signed)
"Plaintiff, for himself."

The defendant filed a joint motion to dismiss this complaint and for summary judgment. At the same time he filed the affidavit of Judah A. Kaufman in which the following statement, among others, was made:

" . . . That he and Annie Kaufman, also known in Jewish script as Chaya Yita Kaufman, were married in Hoboken, New Jersey, in 1908, and lived together constantly and continuously thereafter as man and wife until her death on September 3, 1940; that her last will and testament was duly probated upon proper notice and proof in the matter of her estate No. 8054 in this court, . . . and her estate has been completely distributed in accordance with the will of the decedent; that said decedent was a patient in a hospital in Los Angeles, California, awaiting an operation when she executed said will and continued to be confined to the said hospital after the operation until the middle of August, 1940, and later to the home of herself and defendant in Tucson, Arizona, with the exception of two days in St. Mary's Hospital, until her death on September 3, 1940; that subsequent to the execution of said will, decedent did not execute any codicil thereto or any new will, nor did she destroy or cancel the said will; that said will was filed in this court on September 13, 1940, and was then and thereafter continued to be in exactly the same

condition. as it was when executed by the decedent;
. . . ."

"That all the property of decedent, excepting certain jewelry, was community property in which decedent was interested to the extent of her community one-half, and defendant owned the other one-half; that decedent left her surviving no child, descendant, father or mother, and defendant was her sole heir. . . ."

A few days later, July 13, 1942, Abraham Ackerman, opposing the motion to dismiss and the motion for summary judgment, filed an affidavit in which he said, among other things:

" . . . That deponent verily believes that he has a good and substantial cause of action; and because the complaint of this deponent, as plaintiff herein, does state a claim against the defendant, Judah A. Kaufman, upon which relief can be granted, as shown by the facts hereinafter set forth, which are within the personal knowledge of this affiant; that affiant, if sworn as a witness, can testify competently to such facts, as follows, to-wit:

"That the purported will of Annie Kaufman, deceased, filed by the said defendant, Judah A. Kaufman, was, as this affiant complains of in his complaint heretofore filed herein, a forgery; that this affiant, as said plaintiff, has material and relevant evidence which he will present at the trial and hearing of the above entitled cause in the above entitled court, said material and relevant evidence conclusively proving, to this affiant's knowledge and belief, that said purported last will of the said Annie Kaufman, deceased, was in truth and in fact, a forgery, and that said deceased did not sign said last will and testament.

"That as part of said evidence, this affiant, as said plaintiff, has filed in the above entitled cause the report of Lawrence J. Buys, an expert Examiner of Questioned Documents; and that said report clearly shows that this plaintiff's claim that his contention that the signature of the said decedent, Annie Kauf-

man to said purported will is, in fact and in truth, a forgery, is not without weight and relevancy.

"That this affiant has other evidence to show that the said signature to said purported last will of said decedent is, in truth and in fact, a forgery. . . . "

Ackerman filed, at the same time he did his affidavit, the report of Lawrence J. Buys, an examiner of questioned documents, who had examined the will of Annie Kaufman. This report is quite lengthy and makes no finding of fact that she did not sign the document. It calls attention to some peculiarity of writing in her signature, but no conclusion that she did not sign it.

Acting upon the complaint, the affidavit of the parties and the testimony of the plaintiff, given on three or four separate occasions, the court granted the motion for summary judgment. Before doing so, the matter was continued several times to a future date and the plaintiff instructed by the court that if he had a will in his favor, given by Annie Kaufman, he should produce it in court, or give satisfactory proof of same. He did not produce any will in favor of himself, and the court finally concluded that there was no such will and granted the motion for summary judgment. Secs. 21–1211, 21–1212, Arizona Code Annotated 1939; *Suburban Pump & Water Co.* v. *Linville*, 60 Ariz. 274, 135 Pac. (2d) 210.

█ The propositions of law advanced by appellant set forth but a single contention and that is that there is a genuine issue of fact in the case, namely, the will submitted is a forgery, and that whether this be true cannot be determined on a motion for summary judgment. It is true this a question of fact and should be submitted to the jury for answer, if an answer would serve any useful purpose, but in view of section 39–109 and 39–102, Arizona Code Annotated 1939, which read as follows, the answer, even

if in the affirmative, would be of no assistance to the court in reaching a solution of the problem:

."39–109. *Descent of community property.*—Upon the death of a husband or wife one-half of the community property shall go to the survivor, and the other half is subject to the testamentary disposition of the decedent, and in the absence of such disposition goes to his or her descendants, equally, if such descendants are of the same degree of kindred to the decedent, otherwise according to the right of representation; and in the absence of both such disposition and such descendants, goes to the survivor. The community estate passes charged with the debts against it."

"39–102. *Where spouse survives.*—Where any person having title to any separate estate of inheritance, real, personal or mixed, shall die intestate as to such estate and shall leave a surviving husband or wife, the estate shall descend and pass as follows:
. " . . .

"2. If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate and to one-half of the real property of the intestate without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution; provided, that if the deceased have neither surviving father or mother, then the surviving husband or wife shall be entitled to the whole of the estate of such intestate."

 The affidavit of Judah A. Kaufman discloses that Annie Kaufman left no children nor their descendants and that neither her father nor mother survived her. It is plain from these statutes that when this is the situation, the husband is entitled to the whole of the estate, that he takes under Section 39–109 in case the property left by the spouse was community property, and under section 39–102 in case the property left was separate. The court could have

submitted the matter of the will being a forged instrument to a jury and should have done so if its answer would have availed anything, but whether in the affirmative or negative its answer would have been absolutely no help to the court because under the foregoing statutes if it had said that the will was a forgery the defendant, Judah A. Kaufman, would still have been entitled to the property. It is quite clear that the court acted wisely in granting the motion for summary judgment because under no view of the situation would the finding that the will of Annie Kaufman was a forgery have had any effect. The defendant, Judah A. Kaufman, was entitled to all the property of Annie Kaufman whether she willed it to him or not. The only way she could have deprived him of it would have been to have willed it to another and we have no evidence that such a will was ever executed. The court's action in granting the motion for summary judgment ended a useless lawsuit.

The judgment of the lower court is affirmed.

STANFORD, J., and EVO DE CONCINI, Judge Superior Court, concur.

NOTE: ROSS, J., having disqualified, the Honorable EVO DE CONCINI, Judge of the Superior Court of Pima County, was called to sit in his stead.